GERMANIA SAV. BANK *v.* JUNG *et ux.*

(*Supreme Court, Special Term, New York County.* February, 1892.)

1. ESTATE BY ENTIRETY—FORECLOSURE OF MORTGAGE—RIGHT TO SURPLUS.
    Where land owned by husband and wife as tenants by the entirety is sold under foreclosure of a mortgage thereon the surplus over the mortgage debt is construct-

ively real property, and belongs to the husband and wife as tenants by the entirety.

**2. SAME—INVESTMENT OF SURPLUS DURING JOINT LIVES.**

In such case the husband is not entitled to possession and control of the surplus moneys, as he would be of land owned by himself and wife as tenants by the entirety, since he could, by disposing thereof, defeat the wife's right of survivorship, but the moneys should be invested under the court's direction until the right of possession thereto is determined by the death of either the husband or the wife,. the income in the mean time being paid to the husband.

Action by the Germania Savings Bank against Ferdinand Jung and Barbara. Jung, his wife, to foreclose a mortgage executed by defendants on land owned by them as tenants by the entirety. Claims having been made to the surplus arising from the foreclosure sale, the matter was referred to Samuel T. Maddox, Esq., who reported that the fund should be invested during the joint lives of defendants, the income in the mean time to be paid to the husband, and on the death of either the fund to be paid over to the survivor. Barbara Jung moves to confirm the report. Motion granted.

The referee's report was as follows: "These proceedings to reach the surplus moneys present but one question, and that requiring careful study before determination. The premises sold pursuant to the judgments herein were conveyed to (the claimants) 'Ferdinand Jung and Barbara Jung, his wife,' 'and to their heirs and assigns;' and the mortgages foreclosed were executed by both Jung and his wife. The surplus resulting, amounting in all, as appears by the county treasurer's certificates, to $5,008.25, is claimed by said Ferdinand Jung, while his wife contends that the same should be invested for their joint benefit, and a part of the income thereof be applied for her maintenance and support. By that conveyance, Jung and his wife became seised of the premises as tenants by the entirety. *Bertles* v. *Nunan,.* 92 N. Y. 152; *Jooss* v. *Fey,* (N. Y. App.) 29 N. E. Rep. 136; *Steltz* v. *Shreck,* (N. Y. App.) 28 N. E. Rep. 510; 6 Amer. & Eng. Enc. Law, 894. And the conversion of the real estate into money by the foreclosure herein did not change the character of the surplus as between Jung and his wife, but the fund still continues, constructively, real estate, (*Dunning* v. *Bank,* 61 N. Y. 497, 503,) and belongs to those having estates or interests in the land sold, which were cut off by the foreclosures, (*Clarkson* v. *Skidmore,* 46 N. Y. 297, 301.) Thus it follows that Jung and his wife own said surplus moneys as tenants by the entirety, and the expression in the power of sale contained in the mortgages foreclosed, 'rendering the overplus of the purchase money, if any there shall be, unto the said parties of the first part, their heirs,' etc., in my opinion, emphasizes that conclusion. By the common-law rule, in tenancies by the entirety, neither the husband nor the wife could sell the land so held without the consent of the other, (*Jooss* v. *Fey, supra; Zorntlien* v. *Bram,* 100 N. Y. 12, 2 N. E. Rep. 388;) the husband having the control, use, and possession during their joint lives, but can make no disposition that would prejudice the right in his wife, in case she survive him, (*Bertles* v. *Nunan, supra;*) the sole object thus attained being the securing to the wife of her right, in case of her surviving. Hence, to place the surplus moneys in the possession and under the control of the husband would be to defeat that purpose, since all that now remains of their said estate is represented, not by land, but by money, which can very readily be disposed of in such a manner as 'would prejudice' 'the right of the wife in case she survive her husband.' I have read carefully the opinion in *Bank* v. *Gregory,* 49 Barb. 155, and I do not think that the decision in that case should govern or control this controversy, as. there the estate had been voluntarily converted into money,—a result the wife could have prevented. I do not believe that a tenancy by the entirety should or can be ended, and the right in the surplus of the wife in the event of her surviving her husband be lost, by reason of the sale of the premises upon foreclosure of a mortgage containing the expression and language above

quoted. The court of appeals in *Steltz* v. *Shreck, supra,* has recently held that, in event of an absolute divorce of the parties to an estate by the entirety, that estate is converted into a tenancy in common, upon the theory of a severance of the marital relation; but here the marital relation is 'still in force,' as counsel have agreed in their statement of conceded facts. Exhibit B. The judgment put in evidence by Mr. Moffatt dismisses the complaint, and does not disturb the marital relation. In my opinion the surplus moneys in these actions should be impounded by being deposited in such trust company as the court shall direct, to be by such trust company invested, the income and profits paid to Ferdinand Jung during the joint lives of himself and his wife, and the fund to be paid to the survivor upon the death of either of them."

*Thomas E. Pearsall,* for the motion. *Moffatt & Kramer,* opposed.

CULLEN, J. Report of referee confirmed. (No opinion.)