Earl J.,
in Bertles v. Nunan, (supra).
If the enabling acts of 1848, etc., permita husband and wife to hold separate estates in the same lands; if an absolute divorce converts a tenancy by the entirety into a tenancy in common ; and if the common law rule has been so far modified as to prevent the husband’s creditors from applying his interest in the land to their debts and denying him the right of appropriating to himself the entire income of the land, it would seem to be fair argument to claim that equity could well modify the common law stringency as to survivorship and decree a division of this fund between the parties.
At common law marriage was an absolute gift to the husband of the goods, chattels and personal estate of which the wife was actually or beneficially possessed at the time of the marriage and of all such as shall come to her during coverture. But such is not the law to-day and now the wife retains to herself all of her property as her sole and separate estate. At common law the husband acquired by the marriage the use of his wife’s real estate *88 during their joint lives. To-day he has no such right in her lands.
When we view these changes in the law, a reasoning which .stretches the common law rule of possession and control in the husband of a wife’s real estate, to the actual control and disposal of moneys arising out of land and not voluntarily converted, thus destroying the wife’s right of survivorship, should not meet with approval. Certainly no authority can be found to sustain that proposition and no reason why such should be the law seems to exist, for the wife of to-day is not the wife of the common law.
If this fund was not an estate by the entirety but was owned by the husband and wife as joint tenants, he would unquestionably receive his proportionate share of the fund after the conversion. But in an estate by the entirety the right of survivorship exists; and if the court does not deem the recent decisions and the enabling acts as justifying a division of this fund between the parties, then the wife’s right of survivorship thereto should certainly not be imperiled, if not totally destroyed, by placing the surplus moneys in the possession and under the control of the husband.
The referee’s decision that “ the fund should be impounded by being deposited in such Trust Company as the court shall direct to be by such Trust Company invested, the income and profits to be paid to Ferdinand Jung during the joint lives of himself and his wife and the fund to be paid to the survivor upon the death of either of them “ is as fair to the husband as he can ask.” If there had been no conversion and the estate was still land, and we were still back to the times of the common law, this is just as much as the husband could command, viz., the income and profits during the joint lives. At common law “ he could not make any disposition of the land that would prejudice the right of his wife in case she survived him ” (Bertles v. Nunan, supra), and to permit, therefore, *89 the husband to have the absolute control of these moneys would violate every right of the wife in and to her estate.
Moffatt & Kramer, Esqs., for Ferdinand Jung, opposed the confirmation upon the ground that at common law the husband was entitled to the exclusive possession and control of lands owned by husband and wife as tenants by the entirety, and therefore he should have the possession and control of these surplus moneys (Citing Farmers’, etc. Bank v. Gregory, 49 Barb. 15 5).
CULLEN J., confirmed the report of the referee without opinion.