MAX STRETZ, Plaintiff, *v.* JOSEPH ZOLKOSKI and Others, Defendants.

Supreme Court, Kings County, June, 1922.

**Foreclosure — sale of real estate — tenants by the entirety — surplus constructively real property — wife abandoned by husband bidding in property may offset equity of redemption against purchase price — rights of each in property after sale.**

Where land owned by husband and wife as tenants by the entirety is sold under a mortgage foreclosure the surplus over the mortgage debt is constructively real property still held in entirety by both.

Where at the time the decree of foreclosure and sale was granted the husband had abandoned his family, was under indictment therefor and was a fugitive from justice, and the wife acknowledges that she bid in the property and will still

hold it as in entirety, her motion for leave to offset as against the purchase price the equity of redemption in the property will be granted in the absence of objection by a creditor of hers, if she has any.

The husband still has his interest in the property contingent on his survivorship, and if after the death of his wife he reappears to assert his claim as survivor, her estate will have a claim against him, to be satisfied out of the property, for what she has expended for support.

MOTION by purchaser on foreclosure for a setoff.

*Samuel Levy*, for plaintiff.

*Halbert & Quist* (*Louis J. Halbert*, of counsel), for defendant Mary Zolkoski.

FAWCETT, J. This is a motion to allow the defendant Mary Zolkoski, purchaser at the foreclosure sale in the above-entitled action, to set off as against the purchase price the equity in the said property, the title to which was held by her and her husband as tenants by the entirety. It is in effect an application for instructions to the referee after the sale. The facts substantially are as follows: The defendants Joseph Zolkoski and Mary Zolkoski, his wife, held title as tenants by the entirety and were the owners of the equity of redemption of the property in question at the time of the decree of foreclosure and sale. The husband had abandoned his family, was under indictment therefor, and was a fugitive from justice. The wife purchased the property at the foreclosure sale for the sum of $4,350 above a first mortgage of $3,000 and $90 accrued interest. She demanded an offset over and above the plaintiff's claim of $1,200 and interest, costs and taxes, to the extent of her bid, at the time of the signing of the terms of sale. The moving party contends she is entitled to this offset perforce of the character of her estate. The question raised by petitioner is whether under the circumstances she, the tenant by the entirety, can claim the offset of the equity of redemption, or must she pay the full value of the equity of redemption; the balance, after payment of the judgment herein, to be deposited with the city chamberlain in trust to await the contingency of her husband surviving her, or she surviving him. Where land owned by the husband and wife, as tenants by the entirety, is sold under mortgage foreclosure the surplus over the mortgage debt is constructively real property still held in entirety by both. *Germania Savings Bank* v. *Jung*, 18 N. Y. Supp. 709. The wife is not the owner of the entire surplus.

The tenancies by entireties question can only arise by virtue of the original limitation. *Matter of Baum*, 121 App. Div. 496. It does not impinge the property when sold under foreclosure, even though the wife is the one who buys it in. Thenceforth her

title is as purchaser, and not under the original limitation. The husband still has his interest, contingent on his survivorship, in the surplus on the foreclosure (*Germania Savings Bank* v. *Jung*, 28 Abb. N. C. 81), and unless some method of substituting the equity of redemption in the purchased property in place of the surplus can be devised, the surplus must be paid over to the referee. The husband absconding and putting the burden of supporting his family entirely upon his wife, she would have a claim against him for repayment. *Heidelberger* v. *Heidelberger*, 196 App. Div. 626. If, therefore, she acknowledges now that she has bought this property and will still hold it, as in entirety, and so obviate the necessity of putting up the surplus, she would be safe and no one hurt. If the husband survives her, then reappears and asserts his claim as survivor her estate will have the claim against him to be satisfied out of the property for what she has expended for support. If he dies before her, then she will have it all under the survivorship. The only one who might object to her now declaring the tenancy by entirety would be some creditor of hers, if she has any. A creditor of the husband could not interpose objections for any such would have no claim against the surplus until time would have determined that he was the survivor.

The application on behalf of the wife for leave to offset the surplus as against the price she bid at the sale is granted upon the aforementioned conditions and the referee is instructed accordingly.

Settle order on two days' notice.

Ordered accordingly.