In the Matter of ONE HUNDRED AND FIFTEENTH and VISTULA AVENUES, between One Hundred and Thirtieth and One Hundred and Thirty-first Streets, South Ozone Park, Queens Borough, in City of New York.

Supreme Court, Queens County, April 19, 1930.

*Arthur J. W. Hilly, Corporation Counsel [E. J. Talley, Assistant Corporation Counsel, of counsel], for the city.*

*Skinner & Bermant [Casper Gotdiener of counsel], for claimants Lee and Della Pickett, C. Eugenie Young and Fred and Mabel F. Schumacher.*

*Keese & McMullen,* for the claimants Amelia Weber and Frederick O. Lee.

*Talley & Lamb,* for the claimant Mary E. Goonan.

*Nathan L. Goldstein [Samuel Goldstein of counsel],* for the claimant Emmerman Building Corporation.

FABER, J. The tentative decree filed September 24, 1929, awarded $9,500 for damage parcel No. 6 to Lee Pickett and Della Pickett, his wife. On November 28, 1929, Lee Pickett died intestate leaving him surviving his said wife and four infant children. Said Della Pickett has filed objections to the tentative decree in which she asks that the same be revised and corrected so as to make the said award payable to her alone on the ground that she and her husband owned the premises involved as tenants by the entirety. Title vested on June 1, 1928, prior to the death of said Lee Pickett.

The sole question presented is whether the award goes to the objector, Della Pickett, the survivor of said tenants by the entirety, or whether it should be treated as personal property and one-half thereof paid to the objector and the remaining one-half to the administrator of the estate of Lee Pickett, deceased, as contended by the city of New York. It is admitted that if the said husband, Lee Pickett, had died before the vesting of title the award could have been paid directly to his wife, the objector, but the city urges that because the estate by the entirety ceased upon the vesting of title the award became personal property. I am unable to agree with the city's contention. An estate by the entirety is created by a conveyance to grantees who are in fact husband and wife. (*Miner* v. *Brown,* 133 N. Y. 308.)

A tenancy by the entirety exists by virtue of the common-law principle of the unity of husband and wife, and the survivor takes the estate, not by right of survivorship simply, but by virtue of the grant which vested the entire estate in such grantee. (*Matter of Klatzl,* 216 N. Y. 83; *Grosser* v. *City of Rochester,* 148 id. 235, 237.) In the *Klatzl* case it was said by Judge SEABURY, who wrote the prevailing opinion: " While a tenancy by entirety resembles a joint tenancy in that survivorship attaches to both, it is not a joint

tenancy in substance or form.  \*  \*  \*  It involves a more intimate union of ownership than joint tenancy or any other estate.  Joint tenants are seized *per my et per tout*, whereas tenants by entirety are seized *per tout et non per my*.  \*  \*  \*  In a tenancy by entirety the survivor takes the estate ' not by right of survivorship simply, but by virtue of the grant which vested the entire estate in such grantee.' "

Where land owned by husband and wife as tenants by the entirety has been sold under mortgage foreclosure, the surplus over the mortgage debt is constructively real property still held in entirety by both.  (*Germania Savings Bank* v. *Jung*, 28 Abb. N. C. 81; 18 N. Y. Supp. 709; *Stretz* v. *Zolkoski*, 118 Misc. 806.)  The same rule applies where land is taken in condemnation proceedings.  In cases where infants' or incompetents' real property has been sold, the proceeds retain their original character of realty.  (*Ametrano* v. *Downs*, 170 N. Y. 388; Civ. Prac. Act, § 1402; *Matter of Sarles*, 111 Misc. 571, 574.)  It appears clear to me that the entire award for damage parcel No. 6 in this proceeding is payable to the objector, Della Pickett, as the surviving tenant by the entirety.  The final decree will so provide.