Donald S. Taylor, J.
Claimant, Delmar Lumber & Builders Supply, Inc., moves for an order confirming the referee’s report in a surplus money proceeding resulting from the sale of real property owned by the defendants Fish as tenants by the entirety pursuant to a judgment of foreclosure of a first mortgage thereon.
The referee’s report indicates that there are 20 creditors having liens which were junior to the foreclosed mortgage. The motion is opposed only by F. Harris Patterson, a judgment creditor who holds a sheriff’s deed conveying the premises to him under a sale by execution. To the extent that we need consider their liens here, five creditors have judgments against the defendant, Le Boy J. Fish, only; the movant’s second mortgage executed by both owners is sixth in the order of priority; a judgment against the defendant, Le Boy J. Fish, individually is seventh; a tax warrant filed against him by the Industrial Commissioner of the State of New York is eighth and the objectant Patterson’s judgment against both owners is ninth.
The referee has correctly ruled that the surplus money is constructively real property and that the determination of which creditors are entitled to it must await a termination of the tenancy by the entirety by the death of one of the tenants. He has held that if the husband survives, the liens of the first four creditors having judgments against him individually will be entitled to and will exhaust the whole surplus money and if the wife survives, the second mortgage will be the prior lien entitled to the payment of the whole thereof. In either event he has reported nothing will remain for any creditor holding a lien junior thereto, including Patterson.
*1053 On February 25,1953 the Sheriff of Albany County conducted a sale by execution under Patterson’s judgment at which he bid in the property. On May 24, 1954 the Sheriff deeded him the interest of the defendants Fish therein. He claims that he thus became the owner of their equity of redemption in the premises and thereby subordinated to his the liens of prior judgment creditors leaving the surplus subject only to the lien of movant’s second mortgage, the validity of which he contends he challenged before the referee.
It appears that the sale under foreclosure took place some two months before Patterson, as the purchaser at the Sheriff’s sale, was entitled to a deed of the premises. Under such circumstances it is well settled that the Sheriff’s conveyance of the interest of the owners under the execution sale was subject to all valid liens senior to the judgment which he executed in the order of the priority of their docketing or recordation. (Hulbert v. Hulbert, 216 N. Y. 430,441; Benton v. Hatch, 122 N. Y. 322, 327; Bodine v. Moore, 18 N. Y. 347, 351; People ex rel. Post v. Fleming, 2 N. Y. 484, 487; Warwick Sav. Bank v. Long Island Chap. K. C. Soc. Serv., 253 App. Div. 276; Finnegan v. Humes, 252 App. Div. 385, affd. 277 N. Y. 682; Matter of Hunter v. Seery, 206 App. Div. 19; Elsworth v. Woolsey, 19 App. Div. 385, 388, affd. 154 N. Y. 748; see, also, Civ. Prac. Act, §§ 509, 510, 717, 718, 724, 727, 728, 748, 1085.)
It is not clear, however, from the referee’s report what transpired at the hearing in the surplus money proceeding in respect to the objectant’s attempt to vitiate the second mortgage. He claims in his brief that he was not permitted to offer testimony in support of his position. The referee apparently took no evidence on the subject and made no determination in respect thereto. It seems that he should have done so since if two possible eventualities, namely: the invalidation of the movant’s second mortgage and the death of Mr. Fish before his wife, should occur the objectant’s lien would assume a status superior to all other liens junior to the foreclosed mortgage and he would be entitled to the entire surplus money. (Beach v. Hollister, 3 Hun 519; Finnegan v. Humes, supra.)
The broad powers of a referee in a surplus money proceeding permit him to investigate every legal and equitable question pertaining to the issues. His authority is as extensive as the claims themselves and the existence of a pending action for similar relief is no bar to his jurisdiction. (Matter of Lobbett v. Galpin, 228 App. Div. 65, 68; Corporate Investing Co. v. Mt. Vernon Metal Prods. Co., 206 App. Div. 273, 276; Wolfers *1054 v. Duffield, 72 Hun 637; 15 Carmody-Wait Cyclopedia of N. Y. Prac., §§ 470, 471, pp. 621-624.)
The matter should be remanded to the referee to determine the validity of the second mortgage and thereupon to report with all convenient speed his findings and conclusions as to the amounts due to the persons having liens on the surplus money and their respective priorities. (Rules Civ. Prac., rule 262.)
Submit order accordingly.