Frank A. GKtlotta, J.
These are three motions revolving about a claim to surplus moneys resulting from a foreclosure sale of property owned by a husband and wife as tenants by the entirety.
(1) As a claimant in the foreclosure action, the wife moves to confirm the report of sale and for payment of one half of the surplus to her immediately without the appointment of a Referee in surplus money proceedings.
(2) She also asks that the other one half of the surplus be impounded pending a decision on her motion in a separation action which has proceeded to judgment, wherein she seeks to punish the defendant for contempt and at the same time to be appointed receiver of said surplus in sequestration.
(3) The third motion is by B. Gertz, Inc., a judgment creditor of both husband and wife, asking that its judgment be paid.
In order to dispose of the surplus summarily it will be necessary for some claimant to examine the records for liens and file an affidavit of the results of that search, and the motion will be disposed of on the assumption that such will be done.
Rule 263 of the Rules of Civil Practice requires that notice of hearing before a Referee be given to such persons and if the hearing is to be dispensed with, the basis for doing so (i.e., that there are no such persons) will have to be demonstrated.
The equivocal statement contained in claimant’s moving affidavit to the effect that there are no unsatisfied liens known to her, apparently means nothing more than that she has not looked for any, since she was unaware of the Gertz judgment.
Both husband and wife have taken for granted that one half of the surplus money belongs to each of them, with no rights of survivorship in it.
The law seems to be to the contrary. In a case decided in 1892, Germania Sav. Bank v. Jung (18 N. Y. S. 709), it was held that the surplus money partook of the same characteristics as the estate by the entirety itself, and therefore the fund had to be held intact pending determination of who would take the whole of it by virtue of survivorship. This decision was followed in Stretz v. Zolkoski (118 Misc. 806). It is true that a Referee’s report holding to the contrary, was confirmed in Franklin Sq. Nat. Bank v. Schiller (202 Misc. 576). However the two earlier cases are not distinguished or even mentioned in the report, and the conclusion reached to the effect that since the estate can be terminated voluntarily by the joint acquiescence of husband and wife, it is likewise terminated after an involuntary conversion such as is had in a forecloseure action, would seem to be at variance with an appellate decision in *586 Matter of City of New York (Jamaica Bay) (252 App. Div. 103), an eminent domain case, which is another example of an involuntary conversion.
There the court held that the inseverable nature of an estate by the entirety, required that the damages awarded for the land condemned be treated in like manner to the land itself, and therefore upon the death of the husband, the whole of it belonged to the wife.
However, since both of the parties here have by the position which they have taken on these motions, voluntarily abandoned the right to treat the surplus fund as a continuation of the estate by the entirety, the court will likewise do so.
There is little merit in the position taken by the wife. The husband appears to be making and has made in the past a sincere effort to comply with this court’s orders and is currently paying $85 per week for the support of the wife and children on which he is up to date. Numerous motions made by the wife in the past would appear to be largely unnecessary and for relatively inconsequential and temporary defaults.
Obviously the defendant cannot be punished for contempt at the same time sequestration is sought since one excludes the other, nor is the latter remedy justified on the showing made on this motion.
The Gertz bill would appear to be the obligation of the wife under the terms of the matrimonial judgment.
The motion to dispense with a Referee and to pay out the surplus will be granted upon filing of the above-mentioned affidavit.
The motion to punish for contempt and other relief is denied.
The Gertz judgment will be deducted from the wife’s one-half share and the balance of the attorney’s fee due wife’s attorney, will be deducted from the husband’s one-half share.