William B. Brenan, Jr., J.
In this foreclosure proceeding, the Beferee’s deed was delivered and recorded on September 3, 1959 and his report of sale confirmed on January 18, 1960 by an order which appointed another Beferee to ascertain and report the amount of the surplus moneys, the persons entitled thereto and the respective priorities of their liens.
This is a motion to confirm the report of the latter Beferee which found the amount of the surplus moneys to be $7,373.46, and concluded that the Lewis Oil Company, Inc., had a first lien in the amount of $491.32, up to the date of the report, and that William J. Ferris, Esq., had a lien next in priority in the amount of $7,890.45, up to the date of the report. No other liens on the surplus moneys were found.
The first lien of the Lewis Oil Co., Inc., being supported by documentary evidence and not being disputed, is a valid first lien, and in this respect the report of the Beferee is confirmed. Thus, the only questions remaining, concern the validity of the Ferris lien, and whether anyone has any right to contest its validity in this surplus money proceeding.
The Ferris lien arises out of a judgment obtained by bim against Nino’s Continental, Inc., in the amount of $7,535, on June 29, 1959 for legal services allegedly rendered by him in *875 behalf of that corporate defendant. A transcript of this judgment was filed in the Nassau County Clerk’s office on July 6, 1959 and became a lien against the property of the judgment debtor on that date, some two months before the delivery of the Referee’s deed in foreclosure. This lien is contested by the Meadowbrook National Bank and the Tinker National Bank, and the status of these financial institutions in this proceeding must first be ascertained before their attacks against the Ferris judgment can be evaluated.
Meadowbrook obtained a judgment against Enrico Pucillo, doing business as Nino’s Continental Restaurant, in the amount of $5,357.42 on June 10, 1959. This judgment was based upon an August, 1955 loan to one Nino Pucillo which was extended in December, 1958, at which time Enrico Pucillo signed as a comaker. The loan was apparently unsecured but Meadowbrook maintains that it was extended in reliance upon a financial statement which showed title to this then unforeclosed property in Enrico Pucillo when, in fact, the title was in the corporate defendant, Nino’s Continental, Inc. Meadowbrook sought to amend its judgment so as to include Nino’s Continental, Inc., as a judgment debtor. This motion was properly denied by Mr. Justice PiTTorri on May 3, 1960. (Meadow Brook Nat. Bank v. Pucillo, 23 Misc 2d 228.) In spite of this adverse ruling, Meadowbrook, which has no lien on the surplus moneys, attempts, in effect, to try an action to set aside the conveyance of the property from Enrico Pucillo to Nino’s Continental, Inc. (which was admittedly made 10 months before the extension of the loan) as a fraudulent conveyance; and to do so before the Referee in the surplus money proceeding. This it cannot do. It has no lien on the surplus moneys. Moreover, it could not succeed against the plaintiff, apparently an innocent mortgagee for value, who relied upon the record title, nor could it work to disentitle the owner of the equity of redemption, all of the stock of which is now held as pledgee by Tinker National Bank which, as will appear, made a loan, secured by the stock, in apparent reliance upon the record title. Whatever remedies, effectual or ineffectual, the Meadowbrook Bank may have, it can assert no claim in this proceeding.
If any action had been successfully brought to set aside the conveyance into Nino’s Continental, Inc., as in fraud of creditors of its grantor, an action which would be fraught with difficulties since Meadowbrook was not a creditor of the grantor until 10 months after the conveyance of which it complains, it might now be in a position to assert claims based upon liens in the surplus *876 money proceedings (Wilkinson v. Paddock, 57 Hun 191, affd. on opinion below 125 N. Y. 748). That is not the situation in the case at bar. The existence of possible causes of action in favor of Meadowbrook against Nino’s Continental, Inc., and its grantor does not create a lien, legal or equitable, and so cannot support a claim to the surplus (Davison v. MacDonald, 124 Misc 726, 730, affd. 216 App. Div. 759; Clarkson v. Skidmore, 46 N. Y. 297, 301).
Tinker National Bank is in a different position. While it has no lien upon the surplus moneys, it claims another status. It loaned the sum of $7,500 to Enrico’s Rest., Inc., on May 8, 1958 at which time Enrico Pucillo indorsed the note and transferred to Tinker, as collateral security, all of the issued and outstanding stock of Nino’s Continental, Inc. It is now in a position to take judgment in the amount of $6,750 against Enrico Pucillo, but has apparently done nothing to execute on the collateral. Tinker claims to be the equitable owner of the equity of redemption, a status which would entitle it to participate in the proceedings and test the validity or superiority of liens of other claimants. (Raynor v. Selmes, 52 N. Y. 579; Matter of Attorney-General v. Atlantic Mut. Life Ins. Co., 100 N. Y. 279; Davison v. MacDonald, supra.) It is, however, without the claimed status. At best, it has an inchoate right to execute upon the stock and a contingent right to become owner of all of the issued capital stock of the corporate defendant and thereby become enabled to take steps to enforce whatever rights that corporate defendant may have as owner of the equity of redemption. (Cf. York Props. v. Neidoff, 10 Misc 2d 439; Murrin v. Archbald Cons. Coal Co., 232 N. Y. 541.) Inchoate, contingent rights such as these, do not confer upon Tinker the equitable ownership of the equity of redemption of the foreclosed real estate. Since it has no such status, and since it has no lien against the surplus money, legal or equitable, it has no standing in this proceeding.
Much has been said about the bona fides of the Ferris judgment. It has been attacked as a preference to one closely associated with the defendant corporation, in the capacity of an officer as well as an attorney, and has been hinted at as a contrivance in a “friendly foreclosure” to defraud creditors. No determination whatever is or could be made as to the validity of these charges on this motion. The fact is that neither objectant is a creditor of Nino’s Continental, Inc., let alone a lienor of the surplus moneys, and while the Referee would have the power to investigate every legal and equitable question pertaining to the validity and priority of the liens (Bennett v. Fish, 2 Misc 2d 1051; Douglass v. Chisholm, 142 Misc. 869, affd. 236 App. Div. *877 668, affd. 261 N. Y. 632), he was under no duty to hear attacks upon the judgment lien from persons who in no event had any present right to succeed to the surplus moneys if the Ferris lien were voided.
The motion is therefore granted and the Referee’s report confirmed. The papers considered do not include the unsworn statement of William J. Ferris dated April 29, 1960.