Raymond J. Mino, J.
This is a motion to confirm the Referee’s report in a surplus money proceeding resulting from the sale of property owned by the defendants, Soura, pursuant to a judgment of foreclosure and sale.
The Referee’s report indicates that (1) all necessary parties including the defendants, Soura, received notice of the hearing; (2) that the defendants I. D. Homes, Inc., James Gibbons and A. B. C. Construction Co. attended with their attorneys; (3) that each of these defendants filed mechanics ’ liens, and (4) that a stipulation was made by these three appearing defendants as to how and to whom the surplus moneys should be distributed.
The defendant, Soura, now objects to the confirmation of the report claiming that no testimony was taken as to the validity
*55 of the A. B. G. Construction Co. ’s claim and requests an opportunity to appear at a further hearing for the purpose of contesting the validity of the claim of the defendant, A. B. C. Construction Co.
Testimony was given before the Beferee relative to the claims of the defendants, Gibbons and I. D. Homes, Inc., but none was given as to the claim of the A. B. C. Construction Co. The only basis the Beferee had to find that A. B. C. Construction Co. was entitled to share in the surplus is the stipulation entered into by the three attending claimants.
It has been held that the parties to a proceeding for the distribution of surplus moneys arising from the sale of real property upon the foreclosure of a mortgage should not be allowed to stipulate as to the distribution of a fund in court and that any understanding between the parties as to a way a fund is distributed is not binding on the court (Gowen v. King, 54 App. Div. 331); neither, of course, is it binding on one not a party to it. (Bowler v. Apex Bldrs., 259 App. Div. 834.) The stipulation cannot be a substitute for the requirement that the claimant, A. B. C. Construction Co. submit proof of validity of its claim.
The defendants, Sour a, the owners of the equity of redemption, are entitled to participate in the proceedings and test the validity or superiority of liens of other claimants (Blanhman v. Nino’s Continental, 25 Misc 2d 873).
The matter is remanded to the Beferee to determine the validity of the claim of A. B. C. Construction Co. and upon notice to all parties and to report his findings with all convenient speed.