Joseph Liff, J.
This is a motion to confirm the Referee’s report as to surplus moneys in a foreclosure proceeding, and directing the Treasurer of Nassau County to pay the surplus moneys herein pursuant to said report.
The motion is opposed by the plaintiff, South Shore Federal Savings and Loan Association, as to that portion which provides for $967.37 to be held by the Treasurer of Nassau County as property belonging to the owners of the equity of redemption as tenants by the entirety and to be held until the decease of either of them. The plaintiff claims that the proceeds are personalty and held by the owners as tenants in common and should be paid out to their respective creditors. It cites Franklin Sq. Nat. Bank v. Schiller (202 Misc. 576), a Referee’s report confirmed by the Justice presiding, which held the surplus money to be personalty. However, in East Riv. Sav. Bank v. Kind (26 Misc 2d 584), another ease cited by the plaintiff, the court in referring to Franklin Sq. Nat. Bank v. Schiller (supra) said the following (pp. 585-586): “ the conclusion reached to the effect that since the estate can be terminated voluntarily by the joint acquiescence of husband and wife, it is likewise terminated after an involuntarily conversion such as is had in a foreclosure action, would seem to be at variance with an appellate decision in Matter of City of New York (Jamaica Bay) (252 App. Div. 103), an eminent domain case, which is another example of an involuntary conversion. There the court held that the inseverable nature of an estate by the entirety, required that the damages awarded for the land condemned be treated in like manner to land itself ’ ’.
In Secrist v. Secrist (284 App. Div. 331) also cited by the plaintiff, there was a voluntary sale of the premises. The question of the proceeds of the sale held to be personalty, is distinguished from the involuntary sale resulting from a foreclosure. “ The referee has correctly ruled that the surplus money is constructively real property and that the determination of which creditors are entitled to it must await a termination of the tenancy by the entirety by the death of one of the tenants.” (Bennett v. Fish, 2 Misc 2d 1051, 1052.)
The Referee’s report is confirmed in all respects.