Theodore Velsor, J.
This is a motion to confirm a report of the Beferee in surplus money proceedings. The sole contenders for the fund which amounts to $3,869.10, are the husband and wife who formerly owned the property as tenants by the entirety. The Beferee directed that the surplus, remaining after the expenses of the proceeding were deducted, be paid equally to the husband and wife, and that the amount of a New York State tax lien be paid from the husband’s share. It now appears that the tax lien has been satisfied so that the Beferee’s report to that extent must be satisfied as requested by the husband.
The wife claims the entire fund on the ground that she is entitled to reimbursement or payment for the following items: (1) contributions toward the purchase price, (2) contributions made for the upkeep of the house, (3) the value of carpeting allegedly removed from the premises by the husband, (4) the *1062 value of her share realized from the sale of three printing presses, one of which was purchased by her outright, and the others which were paid for jointly by her and her husband, (5) the amounts due her under a separation agreement, and (6) the expenses incurred by her in repurchasing the house at the foreclosure sale.
There is a long line of authority which holds that surplus moneys arising from the foreclosure of realty owned by a husband and wife retain the same inseverable characteristic which attaches to a tenancy by the entirety with the right of survivor-ship (First Fed. Sav. & Loan Assn. of N. Y. v. Lewis, 14 A D 2d 150; East Riv. Sav. Bank v. Kind, 26 Misc 2d 584; Stretz v. Zoloski, 118 Misc. 806; Germania Sav. Bank v. Jung, 28 Abb. N. C. 81). A different view was taken in Franklin Sq. Nat. Bank v. Schiller, 202 Mise. 576. In that case, Referee Febdikand Haber held that since there can be no tenancy by the entirety in personal property, the surplus moneys are owned by the husband and wife as tenants in common unless a contrary intent is shown. The reasoning of Referee Haber was recently cited with approval by the Court of Appeals in Hawthorne v. Hawthorne (13 N Y 2d 82, 86). While the court in the Hawthorne case did not have before it the precise question presented here, the rationale of that decision compels a finding that the surplus money proceeds must be deemed held by the husband and wife as tenants in common. No evidence was presented to the Referee to indicate a contrary intent, and the parties are entitled to an equal division of the proceeds unless the wife’s claims can be upheld.
The wife in this case was not a judgment creditor of the husband at any time prior to the foreclosure action or thereafter. Any claims she may have against him under the separate agreement or for part of the money realized from the sale of carpeting and the printing presses are but rights of action. Such rights do not create liens against the real property and cannot attach to the surplus money arising upon foreclosure (Franklin Sq. Nat. Bank v. Schiller, supra). The expenses incurred by the wife in repurchasing the property for her own account are clearly not chargeable against the surplus. Neither are the sums she advanced for the original purchase made with her husband. However, the contributions made for the maintenance of the property stand upon a different footing.
The testimony before the Referee disclosed that the parties purchased the property in 1955 and shared the carrying charges until the husband became unemployed in April, 1959. The wife *1063 then maintained the property by herself from that date until August, 1961 when the parties separated, and the wife left the marital home. ¡
The law is well established that tenants by the entirety as between themselves are tenants in common and each is entitled to one half of the rents and profits so long as the question of survivorship is in abeyance (Hiles v. Fisher, 144 N. Y. 306). During the existence of the tenancy, one tenant may recover from his cotenant his proportionate share of the profits (Sirianni v. Sirianni, 14 A D 2d 432). In the last-cited case, the court indicated there is nothing in the nature of a tenancy by the entirety or the relationship of husband and wife which compels, in every case, a presumption other than that the payments made for the upkeep of the property by one tenant were for the benefit of the other or intended as a gift. Ordinarily, and in the absence of evidence showing a different intent, such payments by a husband are presumed to be gifts or made in discharge of his marital obligations (Sirianni v. Sirianni, supra, p. 437). Payments by a wife under the same circumstances may also be considered as a gift. The question in each case, is one of fact (Sirianni v. Sirianni, supra). The report of the Referee here does not contain any finding on this aspect of the case although he took extensive testimony in relation thereto. The matter is accordingly referred back to the Referee for an appropriate factual finding one way or the other. The motion to confirm is denied pending the further report of the Referee in accordance herewith.