John D. Bennett, S.
This is a proceeding to settle the account of the widow-administratrix who was granted limited letter of administration in 1955. It is alleged that she and the *414 decedent as tenants by the entirety owned certain real property which suffered severe fire loss before his death. Not only real property but also furniture and contents of the building were destroyed in January, 1955. The proceeds of .settlement with an insurance carrier were not received until August, 1955. In the meantime the husband died in May, 1955.
By orders of this court in 1955 the administratrix was authorized to indorse the insurance checks so as to allow payment and satisfaction of two mortgages and payment to the fire adjuster for his .services rendered, and the balance was ordered to be placed on deposit with a bank subject to ithe further order of this court. Interest of more than $1,800 has since been earned thereon, and it is alleged that there are no other assets of this estate.
In addition to the widow, seven children of the decedent survived him, five of them infants represented here by their .special guardian. Two creditors are also named as parties and are represented here: the United States Government and M. H. Ben-ken Dairy Co. Petitioner has arranged a settlement of their respective claims and asks the court to approve payment to such creditors out of the fund now on deposit. She states that no other claims have been filed, and the proposed settlements are not opposed by the special guardian.
While the Court of Appeals in Hawthorne v. Hawthorne (13 N Y 2d 82) held that the proceeds of a fire insurance loss did not retain the incidents of a tenancy by the entirety, it nevertheless indicated it apparently had no disagreement with a result which imparts to such proceeds the character of jointly held property with right of survivorship (Hawthorne v. Hawthorne, supra, n. p. 84). Accordingly the court holds that the proceeds of the insurance when paid belonged to the wife as survivor to the extent that it was in payment of the real property loss. The payments made from the fund in 1955 to the mortgagees, however, must be deducted from that portion of the settlement. Likewise to be deducted is that aliquot portion of the .services rendered by the fire adjuster.
The theory of the reported cases is to the effect that the usufruct is treated as personal property and accordingly any interest that might have been included in the fire insurance settlement covering the period from the loss to the actual payment would not belong entirely to the widow but should be divided between her and the estate. Such interest must be apportioned in the account. In addition, that part of the fire loss which represented the damage to the furniture and contents ($4,000) must be treated as personal property in which *415 there cannot be an estate by the entirety (Matter of Albrecht, 136 N. Y. 91; Matter of McKelway, 221 N. Y. 15; Domestic Relations Law, § 56-a, now General Obligations Law, § 3-311). Said amount, together with the interest earned thereon, shall accordingly be treated as an asset of the estate subject to the widow’s exemption hereinafter mentioned. Supplemental proof should be submitted to ascertain whether and to what extent the creditors’ claims mentioned should be paid from the estate.
The widow’s request is granted for $1,000 to be set off to her pursuant to subdivision 4 of section 200 of the Surrogate’s Court Act, but the widow’s claim for $1,000 to be set off for an exemption under subdivision 1 of section 200 of the Surrogate’s Court Act is denied for the reason that no articles were stated in the inventory as property set off and she is not entitled to be reimbursed for any housekeeping utensils or household furniture that may have been lost through vandalism or action of the elements. Any such loss which occurred after the death of the decedent was her responsibility.
Attention is called to an inconsistency between the petition and account as filed. Schedule C-l of the latter states that the decedent was beneficiary of the life insurance policy from which the funeral bill was paid, whereas the petition states that the widow was beneficiary. If the supplemental proof sustains the latter contention she is entitled to reimbursement for the amount of the funeral bill paid by her.