John R. Tenney, J.
The defendants in the above foreclosure action claim an interest in the surplus moneys arising from the sale of the mortgaged premises. They now ask the court pursuant to section 1361 of the Real Property Actions and Proceedings Law to determine the amount due to the respective judgment creditors and to make distribution of the surplus. The judgment creditors are of two types. The first group has a judgment against the husband and wife who are the owners of the property as tenants by the entirety. The remaining group has judgments against the husband only. Of course, any liens attaching to the land are transferred to the surplus moneys. (Nutt v. Cuming, 155 N. Y. 309, 313; Sautter v. Frick, 229 App. Div. 345.)
The first issue to be determined is the nature of the relationship of the husband and wife to the surplus. In Dunning v. Ocean Nat. Bank (61 N. Y. 497) in a concurring opinion of Judge Dwight at page 503, it was said: “ The conversion of the land into money was only made for a special purpose; and that having been accomplished, the surplus, by a fiction of equity, is reconverted into land. ’ ’
Subsequent decisions established that where land owned by the husband and wife as tenants by the entirety is sold under a mortgage foreclosure, the surplus over the mortgage debt is constructively real property still held in entirety by both. (Germania Sav. Bank v. Jung, 18 N. Y. S. 709; Stretz v. Zolkoski, 118 Misc. 806; First Fed. Sav. & Loan Assn. v. Lewis, *536 14 A D 2d 150; East Riv. Sav. Bank v. Kind, 26 Misc 2d 584.) In Stretz v. Zolkoski, at page 808, the court stated that a creditor of the husband only, would have no claim against the surplus until time determined that the husband survived the wife.
Some other cases have raised the question regarding the logic of this decision. In Franklin Sq. Nat. Bank v. Schiller (202 Misc. 576) the previous decisions were not cited and apparently were not considered by the Referee in his determination. He found the parties tenants in common because no tenancy by the entirety of personal property is possible. Such a tenancy is a common-law one and can be only in real estate. (Matter of Albrecht, 136 N. Y. 91; Matter of McKelway, 221 N. Y. 15; Matter of Blumenthal, 236 N. Y. 448.) The Referee argued the rule should be the same whether the conversion came about through foreclosure of a mortgage or the sale of the property. In either event, the surplus is personal property. This argument was approved in College Point Sav. Bank v. Tomlinson (42 Misc 2d 1061) and was cited with approval in a dictum by Judge Burke in Hawthorne v. Hawthorne (13 N Y 2d 82, 86).
In East Riv. Sav. Bank v. Kind (26 Misc 2d 584), the court recognized the division of opinion but followed the reasoning of Stretz v. Zolkoski, citing Matter of City of New York (Jamaica Bay) (252 App. Div. 103). However, the court found a joint tenancy because the parties had abandoned the right to treat the surplus as an estate by the entirety. In First Fed. Sav. & Loan Assn. v. Lewis (14 A D 2d 150, 154) the Second Department also followed Strets v. Zolkoski. Here, the court found that Federal tax liens of the husband could attach to the surplus to the extent of his interest subject to the right of survivorship of the wife.
It was this delay in the disposition of the funds which troubled the Court of Appeals in Hawthorne v. Hawthorne (13 N Y 2d 82, 86): “ Germania Sav. Bank v. Jung (18 N. Y. S. 709) and Stretz v. Zolkoski (118 Misc. 806) deal with surplus moneys after mortgage foreclosures and do not furnish a close analogy to this case. Moreover, indications therein that a tenancy by the entirety exists in such surplus moneys are answered by the reasoning in Franklin Sq. Nat. Bank v. Schiller (202 Misc. 576) holding to the contrary.”
'This statement was dictum. However, the court had also observed: “ It must not be forgotten that we approach the question presented in this case with the sensible rule that an inseverable tenancy is not recognized in this State as a legitimate mode of holding personal property. * * * it is incontrovertible that a decision that ties up money, allowing only divi *537 sion of interest, is a serious impediment to its enjoyment.” The court went on to say that the considerations of policies and convenience should require that estates by the entirety be restricted to real estate.
This argument is most persuasive and the most sensible. Therefore, any surplus money arising from the sale of the mortgaged premises is held by the husband and wife as joint tenants, each holding an undivided one-half interest subject to the liens of creditors. Although it may be futile to hold the tenancy here a joint one (Franklin Sq. Nat. Bank v. Schiller, 202 Misc. 576, 580) “ when a change to one in common would be inevitable ”, it seems better policy to retain the characteristic of survivorship which is divisible.
Therefore, under the circumstances, the interest of Frank Calo is one half of $1,668.48, and the interest of Helen Calo is the same subject to any judgments which may be properly chargeable against them.[1] Since the judgment held by Alvin G-wilt was the earliest in time and is in excess of the total amount of money properly credited to Frank Calo, his total share shall be paid to Alvin Glwilt. (CPLR 5234.) Since there are only two judgments which include Helen Calo, the judgment of the First Trust and Deposit Company, which is prior in time in the amount of $216.13 shall be paid in full, and her remaining share of the surplus shall be paid to the Marine Midland Bank of Central New York.
Submit order with computations consistent with the foregoing.

 Execu-
Creditor Date Amount Debtor tion
First Trust ............'....... 8/14/68 $ 216.13 Both
U-Auto Lease.................. 1/30/69 1640.33 Frank Calo
Eastern Planned Incomes........ 1/21/69 2855.76 Frank 9/19/69
Marine Midland ............... 2/25/69 1116.14 Both
Watt Truck Rental, Inc......... 9/25/68 405.18 Frank
Alvin Gwilt ................... 11/29/67 1324.90 Frank