Reginald S. Oliver, J.
Theodore L. Miller and J. Beatrice Miller, Ms wife, acquired certain real estate as tenants by the entirety, and gave a mortgage thereon. Subsequently, the United States of America filed a tax lien against Theodore L. Miller in 1962. The mortgage was foreclosed, and a foreclosure sale was held on September 12, 1967, which resulted in surplus moneys now on deposit in the office of the Wayne County Treasurer. The said Theodore L. Miller died on the 9th day of August, 1971. The surviving tenant by the entirety and the United States claim respectively the entire fund and one half of the fund.
Counsel for each claimant have reviewed a seeming conflict of cases covering the question. “ As occasionally occurs, a slight mutation in the law * * * has developed without an adequate explanation for the variation.” (Judge J. Irwin Shapiro in Sadow v. Poskin Realty Corp., 63 Misc 2d 499, 503.) In that case, the court held in a proceeding involving multiple claims to surplus moneys received on a mortgage foreclosure, that such moneys were not a general asset of the equity of reuemp *270 tion, for it stands in the place of the land for all purposes of distribution among persons having vested interests in or liens upon the land.
There are many cases dealing with the disposition of surplus moneys. A study of them, however, seems to reveal a distinction between those cases which concern a voluntary conversion of the tenancy by the entirety as distinguished from a condemnation or foreclosure action which is involuntary in nature.
Thus, in Hawthorne v. Hawthorne (13 N Y 2d 82), Franklin Sq. Nat. Bank v. Schiller (202 Misc. 576), Secrist v. Secrist, (284 App. Div. 331 [4th Dept., 1954]), and Matter of Blumenthal (236 N. Y. 448), all cited at times as authority for a destruction of the principle of survivorship, there is an element of voluntariness, relinquishment or settlement procedure.
In First Fed. Sav. & Loan Assn. of N. Y. v. Lewis (14 A D 2d 150 [2d Dept., 1961]. South Shore Fed. Sav. & Loan Assn. v. Gundel (42 Misc 2d 510); Matter of City of New York (Jamaica Bay) (252 App. Div. 103 [2d Dept., 1937]), and Sadow v. Poskin Realty Corp. (supra) however, there is ever present the element of no intentional alteration of the previous tenancy by the parties themselves.
In a tenancy- by the entirety, each tenant is seized of the whole estate, and neither, without the consent of the other, can dispose of any part of the estate so as to affect the right of survivorship of the other. (Hiles v. Fisher, 144 N. Y. 306.)
In Franklin Sq. Nat. Bank v. Schiller (supra), each party ultimately agreed to split the surplus moneys, after a hearing before a Referee. The Referee reasoned that since a joint tenancy could be partitioned that the tenancy by the entirety could similarly be changed into a tenancy in common. The cases cited therein deal with voluntary dispositions of real estate.
In Hawthorne (supra), the reference to Franklin is strictly dictum and not necessary to the holding made by the Court of Appeals. The case actually holds that a motion to dismiss a complaint in an action to divide proceeds of a fire insurance policy on real estate should not have been granted.
No question can be raised here that the solution would be certain had a foreclosure of the mortgage not taken place. Any and all liens against the decedent would have been extinguished at his death, as far as the real estate is concerned. The entire title would have become vested in the surviving tenant by the entirety, free from the claim of any of the deceased husband’s creditors.
*271 Why, then, when the character of the property is converted from realty to personalty, and not by reason of any voluntary act of the parties, should the survivorship rule change with regard to the new res9
As was pointed out before, the original intent of the parties was to create a tenancy of a special kind, indestructible until the death of one of the tenants. Unless they both agree to change such tenancy in all or any of its characteristics, its character should not be allowed to be altered by a stranger whose actions transform the property into a different and new type of property. (Matter of City of New York [Jamaica Bay], 252 App. Div. 103, supra.) See, also, First Fed. Sav. & Loan Assn. v. Lewis (14 A D 2d 150, supra), which holds that the proceeds remaining after the mortgage debt have been paid are constructive real property and any lien against the husband attaches-thereto subject to the wife’s survivorship.
Such cases as Secrist v. Secrist (284 App. Div. 331, supra), which involve a voluntary disposition of real estate held as tenants by the entirety, are readily distinguishable.
The court has read Sasario v. Calo (63 Misc 2d 534), and disagrees with its holding.
In support of the holding herein, reference is made to Matter of Arnold (54 Misc 2d 413), and South Shore Fed. Sav. & Loan Assn. v. Gundel (42 Misc 2d 510, supra), and cases cited, therein.
Accordingly, the court holds that the surplus moneys in the instant case stand in the place of the involuntarily converted real estate, and all liens against the fund which were against only the husband prior to his death became extinguished upon his death, except as to one half of the usufruct therefrom, if any, which accrued before his death. The fund remaining is the sole property of the surviving tenant by the entirety.