J. Irwin Shapiro, J.
This is a motion by the plaintiff for summary judgment with respect to his first, second and fourth causes of action, on the ground that the defendant Ruth Elizabeth Fennell has no defense thereto.
In her opposing affidavit this defendant seeks not only the denial of plaintiff’s motion, but summary judgment dismissing the entire complaint as without merit under that portion of rule 113 of the Rules of Civil Practice which provides “ If upon such motion it shall appear that the opposing party is entitled to judgment, the judge hearing the motion may award judgment, even in the absence of a cross-motion therefor.”
The defendant was married on December 4, 1943. By deed, dated May 23, 1949, she and her husband took title to a one-family dwelling as tenants by the entirety. In the latter part of 1949 defendant’s husband abandoned her. On October 11, 1955 the Sheriff of the City of New York conveyed to the plaintiff, by a Sheriff’s deed, all the right, title and interest which the defendant’s husband had in the property in question on October 17, 1952. Soon after obtaining the Sheriff’s deed the *877 plaintiff, according to the complaint, demanded that he be permitted 1 ‘ to occupy the premises with her but said defendant wholly failed and refused so to do.” Accordingly, plaintiff brought this action and in his complaint sets forth four alleged causes of action.
In the first cause of action plaintiff seeks to recover damages in the sum of $5,000 by reason of the alleged refusal of the defendant to permit him to occupy the premises with her and excluding him from any use and occupation thereof. In the second cause of action he seeks to recover the sum of $1,000, his alleged share of the value of the use and occupancy of the premises from October 11, 1955, to August 1,1956. In the third cause of action he seeks treble damages in the sum of $15,000 by reason of defendant’s alleged refusal to surrender plaintiff’s undivided one-half interest to the possession of said premises or to the rents and profits thereof, and in the fourth cause of action he seeks an accounting of the rents and profits which the defendant allegedly derived from the premises since October 11, 1955, one half of which he claims belongs to him.
After this action was commenced and on or about March 9, 1958, the defendant’s husband died. Since the marriage was never terminated by divorce or annulment the defendant, as the survivor, became the owner of the entire premises. The plaintiff does not deny this. In his reply affidavit he states, in so many words, “ Her husband’s death gave her full ownership at the time of his death. It does not alter the legal relationships which existed during his life or wipe out the sums which became due.” The defendant claims, on the other hand, that the death of her husband not only terminated his interest in the premises, but that such termination wiped out the interest of the plaintiff, inasmuch as the defendant, upon the death of her husband, did not take a new acquisition, but holds the property under the original deed, dated March 23, 1949, whereby the tenancy by the entirety was created, and that, therefore, “ it is useless for plaintiff to urge what he might have been able to do had William Fennell continued to live, or for that matter, what Ms rights were up to the time of said death. ’ ’
This is true so far as the decedent’s interest in the fee of the subject property is concerned. Upon the death of the defendant’s husband she became the sole owner of the fee, not because she succeeded to any interest that the decedent had that was extingmshed by Ms death, but because of the original grant which vested the entire estate in the survivor of the tenants by the entirety. (Matter of Klatzl, 216 N. Y. 83, 87.)
*878 The court is of the opinion, however, that the rights, other than to the fee, which were vested in the plaintiff prior to the death of William Fennell, were not extinguished by that event.
What were those rights 1 The plaintiff contends that not only was he entitled to share equally with the defendant in the rents derived from the property, but to share the use thereof and, upon her refusal, to pay for the reasonable value of her use and occupancy. In Finnegan v. Humes (252 App. Div. 385, 387, affd. 277 N. Y. 682) the court held that one who has succeeded to the interest of a tenant by the entirety by the purchase thereof upon an execution issued upon a judgment against such tenant may, upon establishing an ouster, maintain an action of ejectment il to recover possession of the third party’s interest in the premises so acquired.”
The trial court in that ease dismissed the complaint upon the merits and, in the course of a comprehensive opinion (163 Mise. 840), noted at pages 849-850 that in Hiles v. Fisher (144 N. Y. 306) there was an estate by the entirety in which the husband mortgaged his interest therein; that such mortgage was foreclosed and the property purchased by the holder of the mortgage, and that each tenant had equal rights so long as the question of survivorship was held in abeyance. At page 854 of the decision the trial court stated as follows: ‘ ‘ Hiles v. Fisher created only a tenancy in common of the rents and profits of the estate, not of the occupancy thereof. Here, there are no rents; we have simply a home, the whole of which is in the possession, under rights inherent in an estate by the entirety, of the defendant Helen Humes. The incongruities, embarrassments and absurdities of any other holding I need not here animadvert upon. The court in Hiles v. Fisher intended no such result. Of course an estate by the entireties should not be used as an instrument of fraud, and if we had here a commercial piece of real estate with large rentals held by the entirety, excepting probably to the extent that the peculiar circumstances might show that they were necessary to maintain the marital relation, the court, according to the equities of the situation, would be able to protect the creditors of a husband as against any attempt on his part to transfer his share of the rentals for the purpose of avoiding the claims of creditors.”
The Appellate Division, however, modified the judgment of dismissal by striking therefrom the words “ upon the merits ” and inserting in place thereof the words “ without prejudice ” and as so modified affirmed the judgment. The court concluded its opinion at page 388 with the following statement: 11 Plaintiff had no right to remove the defendant Helen Humes from *879 the premises or to order her to vacate. The sole right which the plaintiff had was to be put into possession with the defendant Helen Humes and share with her the occupancy and use of the premises.” The Court of Appeals affirmed without opinion (277 N. Y. 682). Thereby the appellate courts must necessarily have overruled the trial court’s view of the holding in Hiles v. Fisher (supra), set forth above, to the effect that that case “ created only a tenancy in common of the rents and profits of the estate, not of the occupancy thereof. ’ ’
I am, therefore, of the opinion that as a matter of pleading the plaintiff, prior to the death of Mr. Fennell, not only had the right to share in the net rents, if any, which this defendant derived part of the time from the premises — a one-family house which she shared with friends as paying boarders — but was entitled to be put into possession with said defendant and to share with her the occupancy and use of said premises when no rent was derived therefrom, if he desired such sharing and possession. Since such rights were vested in the plaintiff prior to the death of the defendant’s husband, that event did not extinguish them.
However, even though plaintiff was entitled to share and possess the premises along with the defendant, if he so desired, it clearly appears from plaintiff’s own reply affidavit that he “never asked to live in defendant’s home” and he contends that what he means, by his allegation in paragraph “ 10 ” of his complaint that he “ duly demanded of the defendant * * * that he be permitted to occupy said premises with her but said defendant wholly failed and refused so to do,” is that he was “entitled to share with her the value of such possession just as if a third person were in possession ” (emphasis ours).
I do not concur in that contention. In view of plaintiff’s concession that he did not want to share possession of the house with the defendant, he may be able to recover one half of the net rents, if any, received by the defendant, but he cannot, in my view, recover more than that. Whether there were any such net rents raises an issue of fact which cannot be summarily disposed of on affidavits alone. Accordingly, the plaintiff’s motion for summary judgment must be denied.
As has been noted, the defendant requests that she be awarded judgment “ even in the absence of a cross-motion therefor ” (Rules Civ. Prac., rule 113).
If I am correct in my views above set forth, defendant is entitled to judgment dismissing the first cause of action which seeks damages in the sum of $5,000, by reason of her alleged *880 refusal to permit plaintiff to occupy the premises with her and excluding him from any use and occupation thereof in view of his admission that he “ never asked to live in defendant’s home ” but wanted “ to share with her the value of such possession ” (emphasis ours).
For the same reason defendant is entitled to judgment dismissing the second cause of action which seeks recovery of plaintiff’s alleged share of the value of the use and occupancy of the premises by the defendant.
The third cause of action seeks treble damages because defendant “ remained in possession of said premises wholly in violation to the exclusion of the plaintiff [sic] ” (par. 18 of complaint) and “ That said trespass to said property of the plaintiff by the defendant Buth Elizabeth Fennell was and still is wilfull ” (par. 19). Since this court has held that the plaintiff was not entitled to share the value of defendant’s possession and since plaintiff admits that he never was excluded from sharing in the possession of the premises themselves, it is manifest that factually, as distinguished from pleadingwise, the third cause of action is without merit and should be dismissed. The question arises, however, whether that may be accomplished here in view of the fact that plaintiff has himself not sought summary judgment on that cause of action. I can find no authority on that proposition.
The language of the rule, so far as here applicable, reads, ‘ ‘ If upon such motion it shall appear that the opposing party is entitled to judgment, the judge hearing the motion may award judgment, even in the absence of a cross-motion therefor.” What does the language 1‘ upon such motion ’ ’ mean as applied to the facts of this case? Here we have four separate and distinct causes of action. If the plaintiff had moved for summary judgment on only the first cause of action, then “ upon such motion” the opposing party - — the defendant here — would be entitled to cross relief — on that cause of action— even without a cross motion. I do not think that under such circumstances, no matter what the factual showing might be, that the opposing party would be entitled to cross relief on the other causes of action. I think that, properly interpreted, each cause moved on must be treated as if it were the sole cause of action alleged in the pleading, and that the cross relief permitted under the rule must be limited to that cause of action alone. Under the circumstances, despite the finding of a lack of merit in the third cause of action, the request for its dismissal, in the absence of a specific motion by the defendant directed toward that end, must be denied without prejudice.
*881 Tile fourth cause of action seeks an accounting of the rents and profits allegedly derived by the defendant from the premises, one half of which plaintiff claims belongs to him. There is an issue of fact as to whether there were any profits consequent upon the rentals. Accordingly, the defendant’s request for judgment on that cause of action is denied.