*94 Scileppi, J.
Pursuant to the pertinent provisions of the Town Law (§•§ 190-195), a petition, seeking the establishment of a water district, was presented to the Town Board of the Town of Fleming, one of the respondents herein. The required hearing was held (§ 193), and the board adopted a resolution determining that the petition was properly signed by the owners of sufficient real property and approving the creation of the district. This resolution was filed in the office of the Cayuga County Clerk on December 18, 1963.
Thereafter, the State Comptroller consented to the formation of the district, and an order formally establishing it was entered in the County Clerk’s office on March 20,1964.*
Petitioners, property owners in the district, brought this article 78 proceeding, urging — among other things — that the petition did not contain the requisite signatures. The Supreme Court dismissed the petition, the Appellate Division unanimously affirmed, and we granted permission to come' here.
Section 191 of the Town Law specifies that a petition thereunder “ shall be signed by the owners of taxable real property situate in the proposed district or extension thereof, owning in the aggregate at least one-half of the assessed valuation of all the taxable real property of the proposed district or extension thereof, as shown upon the latest completed assessment-roll of said town ”.
The total taxable real property in the district is $324,900, half of which is $162,450. The assessment roll showed only the name of the husbands as the owners of property assessed at $92,300, when the property was in fact owned by both husbands and wives as tenants by the entirety. The petition contained signatures supposedly representing $225,000 worth of assessed valuation. 'If it were to be held that only one half of the property owned by the entirety was to be considered when oue tenant by the entirety signed the petition, the $225,000 figure would have to be reduced by $46,150 (one half of $92,300). This sum, coupled with $35,700 which Trial Term determined should not be taken into eon- *95 sideration, when deducted from the $225,000 figure, results in signatures of owners of only $143,150, $10,300 less than the minimum statutory requirement.
Since a petition signed by the owners of taxable real property aggregating at least one half the assessed valuation is a prerequisite to the establishment of a water district (Town Law §§ 190, 191), the cardinal question on this appeal is whether the petition before us meets the statutory requirements. This, in turn, revolves around the question whether, when the assessment roll lists only one tenant by the entirety as the owner, such tenant ’s signature on the petition is .sufficient to vote the entire valuation,
-Once we consider the nature of the tenancy by the entirety — a tenancy whose salient characteristic is the unique relationship between a husband and his wife each of whom is seized of the whole and not of any undivided portion of the estate (per tout et non per my) (Matter of Klatzl, 216 N. Y. 83, 86-87; Stelz v. Shreck, 128 N. Y. 263, 266), it, can be said that both and each own the entire fee, From this conclusion, it follows that either or both may be included in the statutory description “ owners of taxable real property”, and that, under the circumstances in this ease, the owner whose name appeared on the assessment rolls had the power to vote the entire assessed valuation.
Cases which are cited in the dissent and which are concerned with the tenants’ rights to income, possession and enjoyment are inapposite because they do not'treat with the essential nature of the tenancy itself, i.e., both parties own the whole undivided portion of the estate.
The order of the Appellate Division should be affirmed, with costs.

 We have been informed that this project is approximately 85% complete.