**In the Matter of Dimitrious TSUNIS, Alleged Debtor.**

**Bankruptcy No. 882–82239–17.**

United States Bankruptcy Court, E.D. New York.

April 6, 1983.

Landa, Picard & Weinstein by Howard Fensterman, Lake Success, N.Y., for petitioning creditors.

Burton & Burton by Bernard L. Burton, Hauppauge, N.Y., Louis P. Rosenberg, Brooklyn, N.Y., for alleged debtor.

## DECISION & ORDER

BORIS RADOYEVICH, Bankruptcy Judge.

The petitioning creditors commenced this proceeding on 30 August, 1982, under Section 11 U.S.C. § 303 for an order of relief. In the answer of the alleged debtor, filed 21 September, 1982, the material allegations of the involuntary petition were denied. Thereafter, by motion, dated 1 December, 1982, the alleged debtor moved to dismiss the petition herein and by motion dated 3 December, 1982, the alleged debtor sought permission to amend his answer. Both motions were returnable before this Court on 16 December, 1982. On 11 January, 1983, at an adjourned hearing on the motions filed herein the alleged debtor's motion to amend his answer was granted without opposition. It does not appear that any order was ever submitted. On 4 February, 1983, an amended petition was filed herein and on 4 February, 1983, the alleged debtor's amended answer was filed. The amended petition, filed 4 February, 1983, is exactly the same as the original petition filed on 30 August, 1982, with the exception that the following has been added at the end of paragraph two:

and AFTEL CONSTRUCTION CORP. and SPANCRETE NORTHEAST, INC., judgment entered March 1, 1982, in the sum of $1,243.45, with interest.

The amended answer in paragraph 1 admits that the petitioning creditors are creditors of this alleged debtor but denies that the claims of such creditors aggregate at least $5,000.00 more than the value of any lien on property securing the claims held by them. In paragraph 2 the amended answer purports to deny knowledge or information as to the judgments held by the petitioning creditors and which are matters of public record. Such a denial is sham. Paragraphs 3 and 4 and 5 of the petition are admitted. The amended answer alleges as an affirmative defense that the petitioners are ineligible to bring this proceeding since their claims do not aggregate $5,000.00 more than the value of any lien on the property of the debtor securing petitioners' claims, and also asserts a counterclaim seeking damages under 11 U.S.C. § 303(i).

A hearing under Interim Rule # 1008 was waived on 11 January, 1983, and a hearing on the alleged debtor's motion to dismiss was held on 7 February, 1983. On the record of such hearing the Court renders its decision as follows:

## FINDINGS OF FACT

1. The alleged debtor, Dimitrious Tsunis, and his wife, are the owners, as tenants by the entirety of certain improved real property located at Cliff Road and Sunset Path, Belle Terre, Suffolk County, New York.

2. Nineteen creditors have docketed twenty-three judgment liens against the alleged debtor's interest in the real property located at Belle Terre, New York as follows:

| Date | Creditor | Total | Subtotal |
|---|---|---|---|
| 3/26/73 | Frank O'Boyle | $ 1,071 | $ 1,070 |
| 3/14/74 | Estate of Achilles G. Proious | 2,324 | 3,395 |
| 2/ 5/75 | Spancrete Northeast Inc. | 47,244 | 50,639 |
| 6/19/75 | Pacific Corp. | 23,771 | 74,410 |
| 9/18/75 | Chemical Bank (joint with wife) | 7,576 | 81,986 |
| 9/24/75 | Strathmore Concrete Corp. | 7,710 | 89,696 |
| 12/19/75 | Rasan Asphalt | 40,960 | 130,656 |

| Date | Creditor | Total | Subtotal |
|---|---|---|---|
| 12/29/75 | Strathmore Concrete Corp. | $ 45,707 | $176,363 |
| 2/25/76 | Aftel Const. Corp. | 38,181 | 214,544 |
| 4/21/76 | Donaldson Acoustice Co., Inc. | 113,297 | |
| 5/10/76 | Carbro Industries | 2,519 | |
| 6/15/76 | Ronnell Plastering Co., Inc. | 12,795 | |
| 7/21/76 | Suffolk County Paper Co., Inc. | 3,743 | |
| 3/16/77 | Jack Italiano, Inc. | 9,747 | |
| 4/ 8/77 | Island Helicopter Corp. | 2,360 | |
| 7/ 7/77 | Newbridge Electrical Co. | 79,578 | |
| 8/29/77 | George Rumas | 23,340 | |
| 9/26/77 | Gordon F. Davis | 776 | |
| 12/19/79 | Internal Revenue Service | 67,241 | |
| 1/23/80 | Internal Revenue Service | 11,700 | |
| 11/24/80 | State Tax Commission | 18,292 | |
| 7/22/81 | State Tax Commission | 12,504 | $577,436 |
| 3/ 1/82 | Aftel Corporation Corp. & Spancrete Northeast Inc. (joint with wife) | 1,243 | |
| | TOTAL | $578,679 | |

See Petitioning Creditors Exhibit II.

3. The alleged debtor admits that he is generally not paying his debts as they become due. See Amended Answer filed 4 February, 1983, and Transcript of 7 February, 1983 at page 3. (Hereafter Tr. at " ")

4. The value of the alleged debtor's interest, as tenant by the entirety, in the real property at Belle Terre, New York is highly speculative, but in no event exceeds $20,-000.00. Tr. at 32.

5. The value of the fee title to the real property at Belle Terre, New York, in which the alleged debtor holds an interest as tenant by the entirety, is somewhere between $400,000.00 and $512,000.00. See Petitioning Creditor's Exhibit I, and Debtor's Exhibit A. Tr. at 12, 39.

6. The petitioning creditors, four in number, have non-contingent, unsecured claims aggregating $181,045.00 or a sum greatly exceeding $5,000.00 as required by statute. See Petitioning Creditors' Exhibit II.

## CONCLUSIONS OF LAW

1. For the purposes of 11 U.S.C. § 303(b), the value of a judgment creditor's lien on property of an alleged debtor must be measured by the amount recoverable under available state law.

2. The petitioning creditors meet the requirements of 11 U.S.C. § 303(b) in that they represent four under-secured entities who hold an aggregate of at least $5,000.00 in unsecured, non-contingent claims.

3. The motion to dismiss shall be denied and an order for relief shall issue to the petitioning creditors.

## MEMORANDUM

The alleged debtor having admitted that he is not generally paying his debts as they become due and it being incontrovertable that the four petitioning creditors each hold non-contingent, liquidated claims which have been reduced to judgment and which aggregate $181,045.00; the only matter left to be determined by this Court is whether the petitioning creditors have unsecured claims which aggregate $5,000.00.

█ It is well settled in New York that when real property is conveyed to a husband and wife who are lawfully married to each other at the time of the conveyance they do not take as joint tenants or as tenants in common but as tenants by the entirety, each being seized by the whole and upon the death of one, the whole estate remains in the survivor. See McKinney's

Practice Commentary under § 6–2.1 Estates, Powers & Trusts Law. Neither spouse may, without the consent of the other, dispose of any part of the property so as to affect the right of survivorship in the other. *Hiles vs. Fisher,* 144 N.Y. 306, 39 N.E. 337 (1895). A judgment against one tenant by the entirety may be enforced against his interest at an execution sale, however such purchaser loses all interest in the property if the other spouse survives. *Finnegan v. Hume,* 252 A.D. 385, 299 N.Y.S. 501, aff'd 277 N.Y. 682, 14 N.E.2d 389 (1938); *Klenofsky v. Allen,* 297 N.Y.S.2d 698, 700 (1969); *Rothschild v. Lincoln Rochester Trust Co.,* 212 F.2d 584 (2d Cir.1954).

■ Hundreds of such interests have been sold through this Court for relatively minor amounts and this Court can take judicial notice of the fact that the value of such an interest is purely speculative. In the present case the petitioning creditors offered the testimony of one William Neway, who testified that he was familiar with the sales of tenancies by the entirety having attended approximately one hundred such sales, and who testified that the bidding on the tenancy in the present case could go as high as $20,000.00. Tr. at p. 32. While Mr. Neway was not qualified as a real estate appraiser, he has had considerable experience with sales and purchases of the interest of a tenant by the entirety at sheriff's sales. In this Court's opinion, no

other testimony being available, the value of the alleged debtor's interest in the tenancy by the entirety at Belle Terre, New York, is somewhere between $1.00 and $20,000.00. The proceeds of a sheriff's sale of such tenancy represents the amount the petitioning creditors could have received on the sale of the alleged debtor's interest in the real property,[1] and such proceeds most accurately indicate the undersecured nature of their claims.

■ The alleged debtor proposes a valuation of his interest in the real property based upon a strict appraisal of the entire fee, less $25,000.00 mortgage encumbrance, with one half of the remainder applied to each tenancy by the entirety. Such a valuation would be based upon the sale of the entire fee as provided in Section 363(h) of the Bankruptcy Reform Act of 1978.[2] This valuation is untenable as a § 363(h) sale is not available to these creditors until an order for relief has been granted and the alleged debtor has been adjudicated a debtor.[3] Section 303 is a jurisdictional statute designed to deny lienholders the protection of the Reform Act unless they can show their claims are not adequately protected. It is therefore obvious that the debtor's interest in the real property must be valued as it is found under State Law without reference to a value which might be realized if the property were administered un-

1. This is consistent with the fact that under New York law, the entire interest of a tenant by the entirety is subject to levy and execution. An execution sale of real property conveys all the debtor's interest and extinguishes all the creditors' liens. *See* N.Y. C.P.L.R. § 5203(a)(3) and § 5236(g) and accompanying commentaries.

2. If this proposal were utilized, it is apparent that the petitioners would not meet the statutory requirement of having three petitioners whose unsecured claims aggregate $5,000.00. Utilizing either side's appraisal, a § 363(h) sale would net for the estate between $180,000.00 to $230,000.00. Applying either figure, there would be at best only two under-secured claimants. *See* Finding of Fact # 2.

   It is also noted that this proposal places most judicial lien creditors in the unenviable position of being considered secured for the purposes of

denying them the jurisdiction of this Court; yet being clearly unsecured were they to execute on the property via the only remaining avenue (i.e. state law). Such a position prevents the creditor from ever satisfying his lien.

3. This Court additionally rejects this valuation proposal as it is based upon supposition and conjecture. Though valuing the debtor's interest as if the property were divided in half appears logical, it ignores the realities of the case. A sale pursuant to § 363(h) is not available as a matter of right. The statute requires the establishment of four criteria before the involved relief can be granted. Valuing the property based upon the occurrence of a hypothetical event would not effectuate the purpose of this proceeding, which is to determine if the lienholder is undersecured.

der the Bankruptcy Reform Act.[4] *See In re Jordan,* 5 B.R. 59 at 62 (Bkrtcy.D.N.J.1980).

The issues between the parties having been determined adversely to the alleged debtor, the motion to dismiss shall be denied. The pleadings and testimony submitted to this Court having established that the petitioning creditors, four in number, have non-contingent claims of an aggregate value at least $5,000.00 more than the value of any lien on property of the debtor securing such claims and that the debtor is generally not paying his debts as they become due, an order for relief shall issue against the alleged debtor adjudicating him a debtor under Chapter 7.

It is SO ORDERED.

4. The purpose of valuing the encumbered property within an involuntary proceeding is to determine whether the lienholder is adequately protected under local law. This is accomplished by ascertaining the secured/unsecured nature of the petitioning creditors claims as they existed at the time of the bankruptcy filing. To the extent that the claimants can make themselves whole by resort to the sale of the collateral, their interests are sufficiently protected to justify exclusion from § 303 consideration. Accordingly, within the context of this proceeding, the value given to the debtor's interest in the encumbered property should be the one which most accurately reflects the monetary relief realizable by a lienholder if he proceeded against his collateral pursuant to local law.