**In re Robert and Debra ARNOLD, Debtors.**

**Bankruptcy No. 882-82524-18.**

United States Bankruptcy Court, E.D. New York.

Oct. 19, 1983.

Stephen P. Gelfand, Brooklyn, N.Y., for debtors.

Edward Zinker, Smithtown, N.Y., trustee.

### DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

This matter came to be heard upon the trustee's objections to the debtors' claims of exemptions under sections 282 and 283 of the New York Debtor and Creditor Law, the New York "opt-out" statute.

### FACTUAL BACKGROUND

The debtors, Robert Arnold and Debra Arnold, filed their petition under Chapter 7 of the Bankruptcy Code on October 2, 1982. They claimed as exempt property ten thousand dollars equity in their family dwelling, twenty-one hundred dollars held in a savings account and four hundred dollars due to them as a tax refund.

After the first meeting of creditors was held, the trustee filed an objection to the exemptions claimed by the debtors. At the hearing on the objections, conducted on February 22, 1983, the trustee stated as the basis for his objection that under the New York exemption scheme, set forth in sections 282, 283 and 284 of the Debtor and Creditor Law, debtors are not entitled to claim exemptions for both equity in their principal residence and in cash assets. Debtors counterposed the argument that the enumerated statutory sections are in conflict with the Bankruptcy Code thus violating the supremacy clause of the United States Constitution. In light of the constitutional issues raised by the debtors, the New York State Attorney General was invited by this court to intervene.

### DISCUSSION

Section 522(b) of the Bankruptcy Code authorizes the individual states to deny their bankruptcy debtors the right to utilize the federal bankruptcy exemptions set forth in § 522(d) and to adopt their own exemption schemes. Pursuant to this grant of authority, the New York Legislature, effective September 1, 1982, amended the Debtor and Creditor Law by enacting a new Article 10–A entitled Personal Bankruptcy Exemptions.

Under section 282 of Article 10–A, debtors in bankruptcy are provided with *inter alia* the same personal property and real property exemptions accorded to judgment debtors under sections 5205 and 5206 of the N.Y.C.P.L.R. Section 283, however, acts to limit the aggregate value of personal property exemptions taken under Debtor and Creditor Law 282 and N.Y.C.P.L.R. 5205 and provides certain exemptions of cash to those debtors who have not availed themselves of the homestead exemption described in N.Y.C.P.L.R. § 5206.

Debtor and Creditor Law § 283 provides:

Aggregate individual bankruptcy exemption for certain annuities and personal property.

1. General application. The aggregate amount the debtor may exempt from the property of the estate for personal property exempt from application to the satisfaction of a money judgment under subdivision (a) of section fifty-two hundred five of the civil practice law and rules and for benefits, rights, privileges, and options of annuity contracts described in the following sentence shall not exceed five thousand dollars. Annuity contracts subject to the foregoing limitations are those that are: (a) initially purchased by the debtor within six months of

the debtor's filing a petition in bankruptcy, (b) not described in any paragraph of section eight hundred five (d) of the Internal Revenue Code of nineteen hundred fifty-four, and (c) not purchased by application of proceeds under settlement options of annuity contracts purchased more than six months before the debtor's filing a petition in bankruptcy or under settlement options of life insurance policies.

2. Contingent alternative bankruptcy exemption. Notwithstanding section two hundred eighty-two of this article, a debtor, who (a) does not elect, claim, or otherwise avail himself of an exemption described in section fifty-two hundred six of the civil practice law and rules; (b) utilizes to the fullest extent permitted by law as applied to said debtor's property, the exemptions referred to in subdivision one of this section which are subject to the five thousand dollar aggregate limit; and (c) does not reach such aggregate limit, may exempt cash in the amount by which five thousand dollars exceeds the aggregate of his exemptions referred to in subdivision one of this section or in the amount of two thousand five hundred dollars, whichever amount is less. For purposes of this subdivision, cash means currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution.

Thus, a debtor who claims a "homestead exemption" under N.Y.C.P.L.R. § 5206 is precluded from exempting amounts up to twenty-five hundred dollars in cash although otherwise meeting the conditions of Debtor and Creditor Law § 283, subd. 2.

The objection raised by the trustee rests upon his determination that under § 283, subd. 2., a debtor in bankruptcy may not retain as exempt property both cash and equity in his homestead. The trustee has failed to consider, however, that the exemptions are claimed by Robert Arnold and Debra Arnold, husband and wife, as joint debtors as authorized under § 302 of the Code.

While it is true that 11 U.S.C. § 522(b) authorizes a state to "opt-out" of the federal exemption scheme articulated in § 522(d), and thus to supersede such subsection, it does not impair the continued vitality of the remaining subsections of § 522. *See* 11 U.S.C. § 522(b)(1); *In re Pearl,* 28 B.R. 492, 10 B.C.D. 437, 438 (Bkrtcy.E.D.N.Y.1983).

Section 522(m) of the Code provides: This section shall apply separately with respect to each debtor in a joint case.

■ Under the crystal clear language of this subsection, a joint debtor shall not have any of his or her right to claim exemptions allowable under an applicable exemption statute impaired as a consequence of an election to file a joint petition. Although a joint petition is filed, estates are in legal effect separate or several. *In re Howard,* 6 B.R. 220, 6 B.C.D. 1011 (Bkrtcy. S.D.Ohio 1980). Section 302 has procedural effect only. Although a husband and wife file a joint petition, there are in fact two separate debtors. *In re Janesofsky,* 22 B.R. 973, 7 C.B.C.2d 254 (Bkrtcy.D.Colo.1982). The right of exemption is a personal privilege. *In re Schuller,* 108 F. 591 (D.Wis. 1901).

■ It is both federal and New York policy to liberally construe exemption statutes in favor of debtors. (*See Porter v. Aetna Casualty and Surety Co.,* 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962); *In re Ageton,* 14 B.R. 833 (9th Cir.Bkrtcy.App. 1981); *Perry v. Zarcone,* 98 Misc.2d 899, 414 N.Y.S.2d 604 (S.Ct. Suffolk Co.1979), *modified on other grounds* 77 A.D.2d 881, 431 N.Y.S.2d 50 (2d Dept.1980)). Premised upon the foregoing, this court addresses the particulars of the instant case.

■ The debtors do not specify in their joint petition which of the exempt property is claimed by each of the debtors. Thus, it would be impossible for this court, on examination of debtors' petition, to determine how claimed exemptions are to be allocated

between the joint debtors. This court finds, however, that such an analysis is unnecessary. It is sufficient that the exemptions claimed are susceptible to an allocation wherein they satisfy the statutory guidelines. In light of the fact that the homestead exemption could appropriately be claimed by one debtor and the cash by the other, this repudiates the trustee's objections.

Posited on the foregoing analysis, it is unnecessary to determine the constitutional issues raised by debtors herein. There exists a strong duty to avoid constitutional issues that need not be resolved in order to determine parties' rights. *County Court of Ulster County, N.Y. v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

Accordingly, the trustee's objections are dismissed.

SETTLE ORDER in accordance herewith.