OPINION OF THE COURT
Martin B. Stecher, J.
This is a motion for partial summary judgment (CPLR 3212, subd [e]).
Plaintiffs Ebner are shareholders and tenants under a proprietary lease of an apartment in a Manhattan multiple dwelling owned by the defendant cooperative housing corporation. The Ebners seek to assign their shares and the lease to the coplaintiff, Janusz Gorzynski. An application made to the corporate defendant’s board of directors for consent to the transfer has been denied on the ground that Gorzynski, a psychiatrist, intends to use the apartment primarily for treating patients and only secondarily as a residence. It is further contended that Gorzynski proposes to allow other physicians to use the apartment during his “frequent” absences at numerous meetings, lectures and the like. Gorzynski denied that he had another residence, asserts this will be his only residence, at least for the *109 foreseeable future, acknowledges an intention to practice his profession there and points out how rarely he is away from New York. It is only on those occasions, he says, that he would have other physicians treat his patients in the apartment.
Unlike more usual cooperative corporate structures, the final consent to an assignment of shares and the proprietary lease does not lie exclusively with the directors of this cooperative corporation. Had they granted consent, that, of course, would be the end of the matter; but under the terms of the proprietary lease (art II, § 6) the tenant may make such an assignment without the board’s consent provided “a written consent to such assignment [is given] by lessees owning of record at least the majority of the capital stock of the lessor accompanying proprietary leases then in force.”
The plaintiffs Ebners have obtained what they contend are such consents. With respect to two of the persons executing consents, the defendants point out that they are not stockholders of record and accordingly, for summary judgment purposes, those alleged consents are disregarded. There is no dispute that the remaining signatures are those of stockholders of record; and in number they constitute more than one half of the outstanding shares.
It is contended by the defendant, however, that six of the signatories own their shares of stock jointly with others, in most cases their spouses. It is undisputed that the failure of these shares to be counted would deprive plaintiffs of the needed majority.
The plaintiffs rely on subdivision (h) of section 612 of the Business Corporation Law which provides in part that
“[i]f shares are registered on the record of the shareholders of a corporation in the name of two or more persons, whether fiduciaries, members of a partnership, joint tenants, tenants in common, tenants by the entirety or otherwise * * * unless the secretary of the corporation is given written notice to the contrary * * * their acts with respect to voting shall have the following effect:
“(1) [i]f only one votes, the vote shall be accepted by the corporation as the vote of all”.
The defendants point out that this provision refers only to the qualifications of voters to vote at shareholders’ meetings. Neither party has submitted any case in point and research fails to disclose any case in point concerning shareholder consents.
I am of the opinion that it was the intention of the Legislature in amending subdivision (h) of section 612 of the Business *110 Corporation Law as recently as 1981 to permit a stockholder who is one of several owners to act alone under the circumstances presented here. There are few actions which a stockholder may take with respect to the management of a corporation except to vote his shares at a stockholders’ meeting. To be sure there are other acts such as the grant of proxies, the consent to dissolution, the commencement of shareholder actions and the like which differ in character from voting at shareholders’ meetings. In the case of proxies I see no difference between one joint tenaiit voting his stock or granting the right to another to vote his stock; and there can be little doubt that subdivision (h) of section 612 of the Business Corporation Law applies not only to voting but to proxies as well (Business Corporation Law, § 609). It is probably otherwise where the purposes of the consent is so radical an occurrence as the termination of the corporation (Business Corporation Law, § 1002) or the transfer of title to shares which terminates a party’s interest. Where, as here, the intention is to act as shareholder giving consent to the transfer of another’s interest the act of one shareholder in giving consent is the act of all tenants in common in the absence of a disclaimer or other action provided for in subdivision (h) of section 612 of the Business Corporation Law.
The nature of tenancies in common in personal property (see Matter of State Tax Comm. v Shor, 43 NY2d 151) is analogous to a joint estate in real property (Overheiser v Lackey, 207 NY 229, 236), there being no question that such estates in personalty have long been recognized (Matter of Blumenthal, 236 NY 448; Hawthorne v Hawthorne, 13 NY2d 82; Overheiser v Lackey, supra); and in the case of shares of stock, expressly by statute (Business Corporation Law, § 612, subd [h]). Not only may each cotenant “enjoy” the property in all of its parts together with his cotenant (Valentine v Healey, 158 NY 369, 374) but may exercise the rights of ownership where consents and voting are concerned (Matter of Reister v Town Bd., 18 NY2d 92, 95). It follows that absent protest from the silent spouses, the consents were valid for all the commonly owned shares.
Here, as a practical matter, there was ample time for the defendants to ascertain whether or not the co-owners of the consenting shares objected and to give the latter an opportunity to voice their objections. Indeed, it is not the corporation which may be damaged by recognizing the consent of only one of two or more multiple tenants of shares of stock, but the silent members of those groups. Under all of the circumstances of this case, the *111 consent of one of two or more shareholders in common is the consent of all.
Had the shareholders no right to overrule their board of directors in this fashion, there can be little question that neither summary judgment nor interlocutory relief could be granted, for the issues concerning Dr. Gorzynski’s proposed use of the apartment are substantial. That, however, will be an issue between Dr. Gorzynski and the board of directors once he takes occupancy. The lease which he wishes to have assigned to him expressly provides that “lessee shall not, without the prior written consent of lessor, occupy or use the apartment or permit the same or any part thereof to be occupied or used for any purpose other than as a private dwelling apartment for the lessee, the family, employees and servants of the lessee or for a purpose for which the apartment was being used as of December 1, 1969, with the consent of the then owner of the building except such space in the building as may be allocated for professional offices by the board of directors of the lessor.” (Proprietary lease, art II, par 5.) The right of Dr. Gorzynski to practice his profession in that apartment is not a matter on which the court can make a judgment on a motion for partial summary judgment. For one thing, he is not yet a tenant of the premises; for another, if the board of directors will not license such use, its good faith will be an issue.
An issue such as good faith cannot be resolved on papers. As the Court of Appeals has said in Schwartz v Marien (37 NY2d 487, 493): “Determinations as to whether the activities of defendants were undertaken in good faith for a legitimate corporate purpose and whether other means were available depend not only on an analysis of the objective facts but as well in part on an appraisal of defendants’ motives, involving as it will issues of credibility. ‘Good faith or bad faith as the guide or the test of fiduciary conduct is a state or condition of mind — a fact — which can be proved or judged only through evidence.’ (Kavanaugh v Kavanaugh Knitting Co., supra, p 198.) Accordingly it is appropriate that this case go before triers of fact.”
Accordingly, the motion for partial summary judgment is granted to the extent only that upon delivery by the plaintiffs to the corporate defendant of an instrument of assignment executed and acknowledged by the assignor, assigning all the shares of stock and the proprietary lease; an acknowledged agreement by the assignee assuming the proprietary lease and agreeing to perform and comply with all of its covenants and conditions on and after the effective date of the assignment; the *112 shares of stock of the assignor duly indorsed for transfer to the assignee; the necessary revenue stamps and other proof of taxes paid, if any; the payment of all sums due by the assignor to the defendant corporation to the date of the delivery of the assignment together with such sum as shall cover the defendant corporation’s reasonable legal and other expenses in connection with the assignment and transfer of the stock (but not the expenses of this litigation); and, finally, the original of the consenting shareholder consents to the assignment of the lease and the. transfer of the shares, the corporate defendant shall accept such documents and issue a new stock certificate to the plaintiff Gorzynski to replace the shares surrendered by the plaintiffs Ebner and permit the plaintiff Gorzynski to enter upon and reside in said apartment.