**In re Patrick Dennis FLINN, Debra Catherine Flinn, Debtors.**

**Bankruptcy No. 88–00816.**

United States Bankruptcy Court, N.D. New York.

Nov. 23, 1988.

Lee E. Woodard, Syracuse, N.Y., Trustee.

UAW Legal Services Plan, Syracuse, N.Y., for debtors; Clifford Forstadt, of counsel.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The Court is called upon to decide whether, when a husband and wife join in a Chapter 7 petition under Title 11, either spouse alone may claim as exempt the entire equity interest in the couple's homestead owned by them as tenants by the entirety.

### FACTS

On June 9, 1988, Patrick Dennis and Debra Catherine Flinn ("Debtors") filed a joint petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C.A. §§ 101–1330 (West 1979 & Supp.1988) ("Code"), pursuant to Code § 302. Their petition recited $64,205.14 in debt and $56,989.00 in property. Pursuant to § 282 and 283 of the New York Debtor and Creditor Law (McKinney's Supp.1988) ("NYD & CL"), the Debtors filed a B–4 Schedule, entitled Property Claimed as Exempt, which listed, among other things, a $2,600.00 equity interest in the couple's homestead and $2,500.00 in cash as property exempted from the Debtors' estate. The Debtors' homestead is owned by them as tenants by the entirety.

On July 8, 1988, the Trustee filed an objection to the Debtors' claimed cash and homestead exemptions, alleging that NYD & CL §§ 282 and 283 do not permit them to take exemptions in both a homestead and cash. After a hearing in Syracuse, New York on August 2, 1988, the Court reserved decision.

The Debtors were granted a discharge by Order dated August 5, 1988. On September 27, 1988, they filed an amendment to their B–4 Schedule, reducing both their claimed homestead and cash exemptions to $2,100.00 and $54.00, respectively.

### ARGUMENTS

The Trustee maintains that under NYD & CL § 283(2)(a), a debtor is precluded from claiming a cash exemption if he utilizes any portion of the homestead exemption provided for in § 5206 of the New York Civil Practice Law and Rules (McKinney's 1978 & Supp.1988) ("NYCPLR"). He agrees that a husband and wife each have a personal right to claim the allowable property exemptions in their joint petition, thereby in theory permitting one spouse to claim the cash exemption and the other to claim the homestead exemption. However, the Trustee argues that each spouse may only do so to the extent that he or she has an interest in that property. Therefore, because the Debtors in the present case own their residence as tenants by the entirety, bestowing upon each an undivided one-half interest in the whole, each spouse alone may only claim one-half of the entire equity interest in the homestead as exempt property.

The Debtors respond that either spouse individually may claim the entire equity interest under the homestead exemption. Relying on *In re Arnold*, 33 B.R. 765 (Bankr.E.D.N.Y.1983), they characterize a tenancy by the entirety as ownership where "both and each [spouse] own the entire fee." *Memorandum Of Law In Opposition To The Trustee's Objections To Claimed Exemptions,* p. 2 (filed Aug. 23, 1988). Under this analysis, the Debtors claim that either spouse may claim the entire equity interest as an owner of the whole and that the allocation of exemptions need not be specified in the Chapter 7 petition.

### JURISDICTIONAL STATEMENT

The Court has jurisdiction over this core proceeding under the provisions of 28 U.S.

C.A. §§ 1334(b) and 157(a), 157(b)(1), 157(b)(2)(A), (B) and (O) (West Supp.1988). Objections to a debtor's claim of exemptions, a contested matter, are governed by Rules 4003(b), (c), 7052 and 9014 of the Bankruptcy Rules.

## DISCUSSION

Pursuant to Code § 522(b)(1), New York State has "opted out" of the federal property exemption provisions enacted by Congress in Code § 522(d). In its place and pursuant to Code § 522(b)(2), the New York legislature passed Article 10–A, entitled Personal Bankruptcy Exemptions, in the New York Debtor and Creditor Law, effective September 1, 1982. Under § 282 of Article 10–A, a debtor is permitted to exempt real property in a liquidation proceeding to the extent permitted by NYCPLR § 5206. NYCPLR § 5206 authorizes an individual debtor to exempt his or her real property interest up to "ten thousand dollars in value above liens and encumbrances [if] owned and occupied as a principal residence." This provision has been construed to allow an aggregate exemption of $20,000.00 for a homestead, where a joint petition is filed by a husband and wife and each spouse claims an exemption under this provision. *See John T. Mather Memorial Hosp. Of Port Jefferson, Inc. v. Pearl,* 723 F.2d 193 (2d Cir. 1983).

The extent to which the Debtors in the present case may take advantage of the New York "homestead provision" depends upon the nature of their respective property interests in their residence. The reason for this is because the Debtors also wish to apply for a cash exemption. Since, under NYD & CL § 283(2)(a), a single debtor may not claim both the homestead and the cash exemptions, the crucial issue is whether the husband may claim the couple's entire equity interest in the home, thereby permitting his wife to claim the cash exemption.

In *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), the Supreme Court observed that "Congress has generally left the determination of property rights in the assets of a bank-rupt's estate to state law ... Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id.* at 54–55, 99 S.Ct. at 918. As there appears to be no countervailing federal interests in the instant case, the Court will turn to New York state property law to determine the Debtors' rights as tenants by the entirety homeowners.

The tenancy by the entirety is codified in § 6–2.2(b) of the New York Estates, Powers and Trusts Law (McKinney's Supp. 1988), which reads that "[a] disposition of real property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy or tenancy in common." New York case law has interpreted this property interest to be "a tenancy whose salient characteristic is the unique relationship between a husband and his wife, each of whom is seized of the whole and not of any undivided portion of the estate (*per tout et non per my*)." *Reister v. Town Bd. of the Town of Fleming,* 18 N.Y.2d 92, 95, 271 N.Y.S.2d 965, 967, 218 N.E.2d 681, 682, (1966) (citations omitted). *See also* 24 NYJur.2d, Cotenancy and Partition §§ 36–40 (1982). Upon the death of one spouse, the whole estate remains in the survivor. *See In re Tsunis,* 29 B.R. 527, 529–530 (Bankr.E.D.N.Y.1983).

The tenancy by the entirety is a legal fiction existing only within the context of the marriage and by which both spouses jointly own the entire property in interests "same and equal." *See Secrist v. Secrist,* 284 A.D. 331, 334, 132 N.Y.S.2d 412, 415 (4th Dep't 1954); 24 NYJur.2d, *supra,* Cotenancy and Partition at §§ 41–42. Where one spouse has purchased the property wholly from his or her money, the law implies a gift to the other spouse of one-half the consideration so that each holds as a tenant by the entirety. *See Teitelbaum v. Parameswaran (In re Parameswaran),* 50 B.R. 780, 782–783 (Bankr.S.D.N.Y.1985); 24 NYJur.2d, *supra,* Cotenancy and Partition at § 49.

"In New York, an entirety interest is composed of a survivorship right, a right to ½ the rents and profits, and a possessory right to an undivided ½ of the fee", although in cases concerning marital domiciles, there is no rent derived. *Kirschenbaum v. Feola (In re Feola)*, 22 B.R. 81, 84 n. 3 (Bankr.E.D.N.Y.1982). In *Lover v. Fennell*, 14 Misc.2d 874, 179 N.Y.S.2d 1017 (Sup.Ct.1958), the successor in interest by Sheriff's deed of the interest of a husband who had abandoned his wife was deemed to be entitled to one-half of any net rent derived from property the husband, who subsequently died, had owned with the defendant wife as tenants by the entirety. The *Lover* court also noted that a tenancy by the entirety permits each spouse to share equally in the premises. *See id.* at 878–879, 179 N.Y.S.2d at 1021–1022. *Compare In re Weiss*, 4 B.R. 327, 331 (Bankr.S.D.N.Y.1980) (husband's interest in a tenancy by the entirety may be sold under execution upon a judgment against him and the purchaser at such sale becomes a tenant in common with the wife and entitled to share in rents and profits but not occupancy) *and In re Feola, supra*, 22 B.R. at 84 (noting that while in theory, purchaser of tenant by entireties interest shares property's rents, profits and occupancy as tenant in common, for practical reasons a protective order preventing simultaneous possession accompanies the sale).

New York courts have held that, upon the voluntary dissolution of the marriage through an event such as divorce, each ex-spouse, as a tenant in common, is entitled to an equal share of the proceeds from real property that was held by them as a tenancy by the entirety. *See Rouse v. Industrial Commr. of State of New York (In re Rouse)*, 56 B.R. 534, 536 (Bankr.S.D.N.Y.1985); *Doyle v. Hamm*, 84 Misc.2d 683, 686, 377 N.Y.S.2d 349 (Sup.Ct.1975). *See also Secrist v. Secrist, supra*, 284 A.D. at 331, 132 N.Y.S.2d at 412.

Each spouse is entitled to a one-half share notwithstanding his or her own individual contributions to payments on the property. *See Doyle v. Hamm, supra*, 84 Misc.2d at 687, 377 N.Y.S.2d at 353; *In re Parameswaran, supra*, 50 B.R. at 782–783.

To protect the other spouse's right of survivorship, neither may dispose of any part of the property held by them as tenants by the entirety without the mutual consent of both. *See, e.g., V.R.W., Inc. v. Klein*, 68 N.Y.2d 560, 564, 510 N.Y.S.2d 848, 503 N.E.2d 496 (1986); *In re Rouse, supra*, 56 B.R. at 535–537; *Security Trust Co. of Rochester v. Miller*, 72 Misc.2d 269, 270, 338 N.Y.S.2d 1015 (Cty.Ct.1972). "Together, and only together, tenants by the entirety can convey their entire estate, and thereby terminate the tenancy." 24 NYJur.2d, *supra*, Cotenancy and Partition at § 51. *Accord Lee Supply Corp. v. Agnew (In re Agnew)*, 818 F.2d 1284, 1287–1289 (7th Cir. 1987).

Against this backdrop, the Court concludes that the Debtors' position in the present case is untenable. Even assuming that both spouses mutually consented to the husband's claimed exemption in the whole equity interest of their homestead, it could not have terminated the tenancy by the entirety estate. Nor could this purported consent or the act of filing, through a theory of constructive disposition and sale, have created a tenancy in common from which each spouse could exercise control over their own equal half and one transfer it to the other.

Each spouse may claim exemptions only to the extent of his or her entireties interest in the homestead. "The right of exemption is a personal privilege.". *In re Arnold, supra*, 33 B.R. at 767. Therefore, Patrick Dennis cannot claim the entire equity interest in the homestead and permit his wife, Debra Catherine, to avail herself of the cash exemption.

It does not matter that the Debtors are only claiming $2,100.00 in equity as exempt. Although the amount claimed is well below the $10,000.00 statutory limit per debtor, and could therefore conceivably be claimed by an individual debtor, it is still owned by the Debtors as tenants by the entirety. Since the record is devoid of any division or conveyance to terminate the tenancy by the entirety estate, neither spouse can claim more than their respective, albeit inseparable, interest in the property, which

in this case would be one-half, or $1,050.00, each. To find otherwise would frustrate the public policy behind New York State's preservation of the tenancy by the entireties estates and prejudice the creditors in this Chapter 7 by reducing the value of the property of the estate by $1,050.00.

Debtor's reliance on *In re Arnold, supra,* 33 B.R. at 765 is misplaced. Bankruptcy Judge C. Albert Parente held that a husband and wife who file a joint petition may claim both the New York homestead and cash exemptions without specifying in the petition the exemption each spouse is exercising as long as the statutory guidelines are satisfied. However, the court never addressed the nature of the couple's property interest in their home and does not mention whether said homestead was owned by the spouses as tenants by the entirety. Therefore, *In re Arnold* should be limited to its facts, which, as in this case, do not consider the unique characteristics of the tenancy by the entirety and its effect on a spouse's homestead exemption claim.

Accordingly, it is hereby

ORDERED:

1. That the Trustee's motion to disallow the Debtors' claimed homestead and cash exemptions under the applicable New York State law is granted.

2. That the Debtors are granted leave to file amendments to their Chapter 7 petition consistent with this Memorandum–Decision, within thirty (30) days of its entry.