■ Anthony G. Sicari, Plaintiff, and Esther S. Sicari, Respondent, v First Fidelity Bank, Formerly Known as Inter-

County Savings Bank, Appellant. [668 NYS2d 406] —Mercure, J. Appeal from that part of an order of the Supreme Court (Cobb, J.), entered October 24, 1996 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint as to plaintiff Esther S. Sicari.

Indebtedness of Anthony G. Sicari, Inc. to defendant was secured by mortgages on parcels of real property of plaintiffs situated in the Village of Walden, Orange County, and in the Town of New Paltz, Ulster County. Plaintiffs also executed a March 21, 1989 personal guarantee of the corporation's obligations to defendant, granting defendant, among other things, a lien upon and security interest in any and all of their property that was in or was to come into defendant's possession. The guarantee expressly provided, however, that the obligations of plaintiff Esther S. Sicari (hereinafter plaintiff) were secured by her interest in the Ulster County real property and that defendant's sole recourse against her in connection with the guarantee "shall be limited to her interest in such property". On November 20, 1990, plaintiff Anthony G. Sicari deposited $60,000 into plaintiffs' joint checking account with defendant. The next day, defendant withdrew the entire balance of that account, $63,108.04, and applied it to plaintiffs' Orange County mortgage account. Following the foreclosure and sale of the Ulster County property and the Orange County property, plaintiffs commenced this action seeking to recover the funds that defendant took from their bank account in November 1990. Following joinder of issue, defendant moved and plaintiffs cross-moved for summary judgment. Supreme Court awarded defendant summary judgment as to Anthony Sicari but denied the motion and cross motion as to plaintiff, determining that questions of fact remained as to the extent of her liability to defendant and her interest in the sums that were withdrawn from plaintiffs' checking account. Defendant appeals.

We affirm. In our view, the evidence presented on the motion and cross motion does not permit a determination as a matter of law, first, whether the funds on deposit in plaintiffs' checking account were applied toward the Ulster County mortgage or the Orange County mortgage, given defendant's claim that, although initially applied to the Orange County mortgage, the funds were eventually credited to both mortgages, and second, the extent of plaintiff's interest in those funds. In view of the presumption that the parties to a joint checking account are each entitled to an equal share (*see*, Banking Law § 675 [b]; *Matter of Harley*, 186 AD2d 1020; *Di Nardo v Di Nardo*, 144 AD2d 906; *Phillips v Phillips*, 70 AD2d 30, 38), evidence that

Anthony Sicari borrowed the money from his mother is not necessarily determinative of the issue (*see, Di Nardo v Di Nardo, supra*). Accordingly, we agree with Supreme Court that a grant of summary judgment as to plaintiff is unwarranted.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.