**In re David M. NYE and Debra J. Nye, a/k/a Debra J. Gardner, a/k/a Debra J. Tinsley, Debtors.**

No. 99–23398.

United States Bankruptcy Court, W.D. New York.

June 27, 2000.

Douglas J. Lustig, Saperston & Day, P.C., Rochester, NY, Chapter 7 Trustee.

Lawrence M. Howard, Warsaw, NY, for Debtor.

## DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### BACKGROUND

On November 3, 1999, David M. Nye and Debra J. Nye (the "Debtors") filed a petition initiating a Chapter 7 case. On November 3, 1999, the Debtors filed the Schedules and Statements required by Section 521 and Rule 1007 which indicated that they had an equity interest of $3,000.00 in a Land Contract in connection with their residence at 56 West Avenue, Arkport, New York (the "Homestead Equity").

At their Section 341 Meeting of Creditors, the Debtor's trustee, Douglas J. Lustig, (the "Trustee"): (1) determined that the Debtors expected to receive Federal and New York State 1999 joint income tax refunds in the total amount of $3,182.00 (the "Tax Refunds"); (2) in accordance with this Court's Decision & Order in *In re Hunter* (Case No. 98–24955 issued December 10, 1999) (*"Hunter"*), advised the Debtors that he was entitled to a pro rata portion of the Tax Refunds; and (3) indicated that he believed that the Homestead Equity was $7,500.00, rather than $3,000.00, based upon his understanding of the outstanding balance due on the underlying Land Contract.

On March 6, 2000, the Debtors filed amended schedules which: (1) amended their Schedule B to include, as an asset, the Tax Refunds; (2) amended their Schedule C so that Debra J. Nye claimed an exemption for the entire Homestead Equity; and (3) further amended Schedule C so that David M. Nye claimed a cash exemption of $2,500.00 in the Tax Refunds.

The Trustee objected to the Debtors' amended claim of exemptions and requested that they turn over to him the Tax Refunds of $3,182.00. The Debtors refused to comply with the Trustee's request relying upon the decision of the United States Bankruptcy Court for the Eastern District of New York in *In re Arnold,* 33 B.R. 765 (Bankr.E.D.N.Y.1983) (*"Arnold"*).

On April 18, 2000, the Trustee filed a motion (the "Turnover Motion") which asserted that: (1) debtors in Chapter 7 cannot split the permissible New York State homestead and cash exemptions to allow one joint debtor to exempt the entire equity interest of both debtors in a residence and the other joint debtor to exempt the entire interest of both debtors in a joint cash asset, such as a joint income tax refund or joint bank account; (2) if the

Court permits Chapter 7 debtors to split permissible New York State exemptions to allow one joint debtor to claim a homestead exemption and the other to claim a cash exemption, each debtor should only be able to claim as exempt his or her actual ownership interest in the joint asset, and not the entire ownership interest of both debtors; and (3) the Debtors in this case should not be permitted to amend their Schedule C to claim an exemption in the Tax Refunds after this unscheduled asset was discovered by the Trustee.

The Debtors interposed Opposition to the Turnover Motion which urged the Court to: (1) accept the reasoning and holding in *Arnold* and permit the Debtors to split exemptions and each claim the entire joint interest of the Debtors in an otherwise exempt asset up to the maximum amount allowed an individual debtor; (2) determine that since *Hunter* was decided after the Debtors filed their petition, it is not applicable to their case, and the Tax Refunds are not property of the bankruptcy estate; and (3) determine that if *Hunter* is applicable, the Debtor's amendment of Schedule C was permissible.

### DISCUSSION

#### I. Amendment to Schedule of Exemptions and Applicability of Hunter

Rule 1009 allows a debtor to amend his or her schedules, including Schedule C, as a matter of course at any time before the case is closed. However, a number of Courts have denied this right to amend if the facts and circumstances presented indicate that the amendment was filed in bad faith, fraudulent or prejudicial.[1] The facts and circumstances of this case present no evidence of bad faith, fraud or prejudice.

■ The Court's Decision & Order in *Hunter* was issued on December 10, 1999, after the Debtors filed their petition on November 3, 1999 and shortly before their

Section 341 Meeting of Creditors, which was conducted on December 17, 1999. In accordance with the weight of legal authority, *Hunter* held that a pro rata portion of a debtor's income tax refunds were property of the bankruptcy estate even if the debtor's petition was filed during but prior to the close of the taxable year in question. Prior to the Decision in *Hunter*, the Panel of Trustees and the attorneys for debtors and creditors proceeded under a "policy" that no portion of an income tax refund was property of the estate if a debtor filed during but prior to the close of the taxable year in question.

At the time the Court issued its Decision & Order in *Hunter*, it did not make its holding prospective because: (1) the holding was in accordance with the clear weight of legal authority; and (2) all of the input the Court received surrounding the *Hunter* matter indicated that the "policy" was not in any way the result of a decision made by the Bankruptcy Court for the Rochester Division of the Western District of New York, and the Court had not in any way directly or indirectly endorsed the "policy." For those same reasons, the holding in *Hunter* is applicable to the Debtor's case.

■ Because it is likely that the Debtors and their attorney were proceeding under the "policy" at the time the Debtors' petition was filed, it is understandable why the Tax Refunds were not scheduled. Furthermore, to amend their claims of exemptions in an effort to exempt, in whole or in part, the Tax Refunds which because of *Hunter* could be administered as an asset of the bankruptcy estate, does not evidence any bad faith or fraud and does not prejudice creditors. Therefore, the Debtor's amendment of their Schedule C was permissible.

---

1. *See In re Eldridge*, 15 B.R. 594 (Bankr. S.D.N.Y.1981); *Stinson v. Williamson*, 804     F.2d 1355 (5th Cir.1986).

## II. *Joint Debtors Splitting Permissible New York Exemptions*

We know from the Decision of Bankruptcy Judge Parente in *Arnold* and the Decision of Bankruptcy Judge Gerling in *In re Flinn*, 95 B.R. 13 (Bankr.N.D.N.Y. 1988) ("*Flinn*") and the statutes cited and discussed in *Arnold* and *Flinn* that: (1) pursuant to Section 5206 of the New York Civil Practice Law and Rules (the "CPLR"), an individual New York debtor can claim an exemption in the equity of an owned and occupied principal residence of up to $10,000.00, which can be increased to $20,000.00 where a joint petition is filed by a husband and wife and each spouse claims the available homestead exemption; (2) because of the provisions of Section 283(2) of the New York Debtor and Creditor Law (the "DCL") an individual New York debtor cannot claim an otherwise available cash exemption of up to $2,500.00, if that debtor also claims the homestead exemption permitted pursuant to CPLR Section 5206; (3) Bankruptcy Courts permit husbands and wives filing joint petitions to each claim their own personal set of exemptions, the splitting of exemptions, so that one spouse is permitted to claim a homestead exemption pursuant to CPLR Section 5206 and the other, if available, a cash exemption of up to $2,500.00 pursuant to DCL Section 283(2).

▉▉▉ I agree with the holding in *Flinn* that: (1) an individual New York debtor, whether having filed a joint or individual bankruptcy petition, can claim a homestead exemption of up to $10,000.00 in the equity of an owned and occupied principal residence pursuant to CPLR Section 5206, but only to the extent of that debtor's individual ownership interest in the residence; and (2) in the case of a residence owned by a husband and wife as tenants by the entirety, each individual spouse can only claim a homestead exemption in a one-half interest in the equity, which represents their individual ownership interest for purposes of the exemption.[2]

▉▉▉ Furthermore, I believe that the fundamental analysis utilized in *Flinn*, that one must first determine the ownership interest of a debtor in property and then permit that debtor to claim an exemption only to the extent of that ownership interest, should be extended to all other jointly owned assets when debtors claim an interest in joint property as exempt.

▉▉▉ Although debtors will always be afforded the opportunity to present proof that their ownership interest in a joint asset is other than one-half, for purposes of determining an allowable exemption in a joint asset, such as a joint bank account[3] or joint income tax refund, in the absence of such proof this Court will presume that the individual ownership interest of a spouse in a joint asset is a one-half interest.

▉▉▉ Therefore, since the Debtors have provided no proof to the contrary, Debra J. Nye can claim an exemption in the Homestead Equity only to the extent of one-half of that Homestead Equity, whether it be a $3,000.00 or $7,500.00 Equity, and David M. Nye can claim a cash exemption of $1,591.00 in the Tax Refunds, which represents one-half of the Refunds.

### CONCLUSION

The Trustee's Objection to David M. Nye's claim of an exemption of $2,500.00 in the Tax Refunds is sustained. His exemption pursuant to DCL Section 283(2) is limited to one-half of the Tax Refunds. The Trustee's Turnover Motion is granted

---

2. *Flinn* includes an excellent detailed analysis of New York law concerning ownership in the form of a tenancy by the entirety, and correctly concludes that for purposes of a bankruptcy homestead exemption, each spouse's interest is only one-half.

3. *See Sicari v. First Fidelity Bank,* 246 A.D.2d 877, 668 N.Y.S.2d 406 (N.Y.App.Div.1998); *Brezinski v. Brezinski,* 94 A.D.2d 969, 463 N.Y.S.2d 975 (N.Y.App.Div.1983); *Parry v. Parry,* 93 A.D.2d 989, 461 N.Y.S.2d 616 (N.Y.App.Div.1983).

in part, and the Debtors shall immediately turn over $1,591.00 of the Tax Refunds to the Trustee.

The Trustee's Objection to Debra J. Nye's claim of an exemption to the entire Homestead Equity is sustained. Her exemption pursuant to CPLR Section 5206 is limited to one-half of the amount of the Homestead Equity as finally determined.

The Debtors shall have ten (10) days from the date of this Decision & Order to file a Final Amended Schedule C for purposes of claiming homestead or cash exemptions.

**IT IS SO ORDERED.**